Robert L. GRAY; Paul W. Babcock; Robert N. Cardwell; Kenneth P. Davis; Melvin P. Deweese; Gene E. Eastham; Fred M. Graham, Jr.; Stanley M. Hachinsky; Marvin R. Harbour; Roy E. Hauk; Robert P. Jones; Chester W. Martinson; Patrick C. McNellis; Elmer A. Nilges; W.E. Pickert; Charles Powell; Joseph R. Stanley; Robert E. Walsh; Dennis R. Worthington; Joseph S. Ogle; James L. Anson; Leonard P. Belan; Robert E. Brooks; Alfred E. Dyer; Richard W. Jackson; Clyde Lewis; William E. Neustaedter; Elmer J. Rome; Clarence J. Zuger; and Bobby S. Dysart, Plaintiffs–Appellants/Cross–Appellees,

v.

PHILLIPS PETROLEUM COMPANY, Defendant–Appellee/Cross–Appellant,

Equal Employment Advisory Council, Amicus Curiae,

Equal Employment Opportunity Commission, Amicus Curiae.

Nos. 87–1144, 87–1145.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1988.

John H. Fields (Blaise R. Plummer with him on the briefs), of Carson & Fields, Kansas City, Kan., for plaintiffs-appellants/cross appellees.

David J. Waxse of Shook, Hardy & Bacon, Kansas City, Mo. (James H. Ottman, Elinor P. Schroeder, and Carol F. Fowler of Shook, Hardy & Bacon, Kansas City, Mo., and William G. Paul, Gen. Counsel, Charles R. Griffin, Associate Gen. Counsel, and C.H. Purdy, Atty., Phillips Petroleum Co., Bartlesville, Okl., of counsel, with him on the briefs), for defendant-appellee/cross-appellant.

Michael L. Foreman, Atty. (Charles A. Shanor, Gen. Counsel, Gwendolyn Young Reams, Associate Gen. Counsel, Susan Buckingham Reilly, Asst. Gen. Counsel, and Audrey Moore, Legal Intern, on the brief), E.E.O.C. Washington, D.C., for amicus curiae E.E.O.C.

Robert E. Williams, Douglas S. McDowell, and Garen E. Dodge of McGuiness & Williams, Washington, D.C., on the brief, for amicus curiae Equal Employment Advisory Council.

Before HOLLOWAY, Chief Judge, and McKAY and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

This appeal reviews the denial of summary judgment in an age discrimination suit brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34 (1982).

I.

The pertinent facts reveal that on March 9, 1982, Phillips Petroleum Company (Phillips) announced that it was intending to close its Kansas City, Kansas, refinery in six months.[1] Subsequent to this announcement, Phillips negotiated three agreements (Stipulations I, II, and III) with the Oil, Chemical and Atomic Workers International Union, Local No. 5–604 (the Union). Pursuant to Stipulation I, dated March 23, 1982, Phillips agreed to consider qualified employees from the Kansas City refinery for employment at Phillips' other facilities. Specifically, Phillips agreed to consider Kansas City employees "for employment at other company facilities where openings exist," record, vol. 1, doc. 13, exh. A, at 1, "during the six (6) month period consistent with the notice of planned closure dated March 9, 1982, and ending with the date of closure, on September 9, 1982." *Id.* Under Stipulation II, also dated March 23, 1982, Phillips and the Union agreed to modify the current working agreement "to maximize efficiency in an orderly closing of the refinery and achieve flexibility in employee utilization that [would] aid in the release of employees for other employment." *Id.* at exh. B, at 1. Pursuant to Stipulation III, dated June 28, 1982, Phillips and the Union established effective dates for the closure and agreed that on August 31, 1982, the refinery would cease to operate and all remaining employees would be terminated. Record, vol. 2, doc. 114, exh. 1; *see infra* p. 615.

On August 31, 1982, Phillips closed the Kansas City refinery as scheduled, and the

1. Phillips had previously agreed with Oil, Chemical and Atomic Workers International Union, Local No. 5–604, that Phillips would not close its refinery without giving six months notice.

employees were dismissed. The employees continued to receive their regular wages through September 9, 1982, in accordance with the six-month notice requirement.

Also on August 31, 1982, plaintiff Robert L. Gray filed a charge of age discrimination with the Equal Employment Opportunity Commission (EEOC), claiming that Phillips had denied him an employment transfer to another Phillips' facility during the closing period because of his age. On October 15, 1982, plaintiff Robert E. Walsh filed a similar charge with the EEOC. By February 8, 1983, other employees from the Kansas City refinery were organizing to file an age discrimination charge against Phillips; and on March 2, 1983, a charge of age discrimination was filed with the EEOC in the name of P.C. McNellis on behalf of all former employees of the Kansas City refinery who were similarly situated. These charges were processed by the EEOC, and Phillips participated in the EEOC proceedings. The parties failed to resolve their differences; as a result, two separate lawsuits were initiated in the United States District Court for the District of Kansas.[2] Both suits alleged that Phillips violated the ADEA when it made its employment transfer decisions during the closing period by discriminating against plaintiffs on the basis of their age.

The two actions were consolidated. Phillips filed a motion to dismiss or, in the alternative, for summary judgment, claiming that plaintiffs' discrimination charges had not been filed with the EEOC within 180 days of August 31, 1982, the alleged wrongful termination date. *See* 29 U.S.C. § 626(d)(1) (1982).[3] Plaintiffs filed an amended complaint and changed the date of the alleged discriminatory action from August 31, 1982, to September 9, 1982. According to the district court, this change made the filing of the discrimination charge timely under the pleadings. Consequently, the district court denied Phillips' motion for dismissal or summary judgment. 638 F.Supp. 789 (D.Kan.1986).

Phillips subsequently filed a second motion for summary judgment, again claiming that plaintiffs' discrimination charges had not been filed within the requisite limitations period. The district court ruled that (1) ADEA's 180-day limitations period began to run on August 31, 1982, (2) the only plaintiffs who filed a charge of discrimination within the 180-day time limit were plaintiffs Gray and Walsh, (3) plaintiffs had not raised facts sufficient to establish equitable tolling of the 180-day limit, but (4) plaintiffs Gray and Walsh are representative of the similarly situated plaintiffs who had not filed within the 180-day period. Because the district court determined that plaintiffs Gray and Walsh are representative of the other plaintiffs, the district court denied Phillips' motion for summary judgment. Pursuant to 28 U.S.C. § 1292(b) (1982), the district court certified for appeal the denial of Phillips' second motion for summary judgment.[4] We are thus presented with all rulings contained in the district court's order denying that motion.

Phillips claims that the district court erred in determining that plaintiffs Gray and Walsh are representative of the plaintiffs who failed to file a timely charge with the EEOC (the class plaintiffs)[5] and thus in

---

**2.** The first suit was filed on July 24, 1984, by Robert L. Gray, Robert E. Walsh, P.C. McNellis, and seventeen other former Kansas City employees. Record, vol. 1, doc. 14. On August 8, 1984, the second suit was brought by James L. Anson and nine other former Kansas City employees. Brief of Appellants at 2.

**3.** Section 626(d) provides a 180-day limitations period for filing charges with the EEOC:

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—

(1) within 180 days after the alleged unlawful practice occurred. . . .

**4.** Because plaintiffs cross-appealed, the parties agree that plaintiffs are deemed the appellants pursuant to Rule 28(h) of the Federal Rules of Appellate Procedure.

**5.** Simply for the sake of convenience in discussing the various parties, we refer to the plaintiffs who first filed their discrimination charge with the EEOC on March 2, 1983, as the class plaintiffs. Use of the word "class" is not meant to connote a class under Rule 23 of the Federal Rules of Civil Procedure.

denying Phillips' motion for summary judgment. Plaintiffs, on the other hand, urge affirmance of the denial of summary judgment, contending that the district court was correct in determining that plaintiffs Gray and Walsh are representative of the class plaintiffs. Plaintiffs also urge affirmance on an alternative ground, claiming that the March 2, 1983, filing was timely because (1) the 180–day period did not begin to run until September 9, 1982, and (2) even if the 180–day period did begin to run on August 31, 1982, equitable reasons tolled the running.

## II.

This court reviews the grant or denial of a motion for summary judgment by applying "the same standard employed by the trial court under Fed.R.Civ.P. 56(c)," *Ewing v. Amoco Oil Co.*, 823 F.2d 1432, 1437 (10th Cir.1987) (citing *United States v. Gammache*, 713 F.2d 588, 594 (10th Cir. 1983)), "because the trial court has no real discretion in deciding whether to grant summary judgment." *Russell v. American States Insurance Co.*, 813 F.2d 306, 308 (10th Cir.1987) (citing *Gammache*, 713 F.2d at 594). Pursuant to Rule 56(c), summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When applying this standard, we review the pleadings and documentary evidence in the light most favorable to the party opposing summary judgment and determine whether any inference may be deduced in favor of the nonmoving party, thereby precluding summary judgment. *Weir v. Anaconda Co.*, 773 F.2d 1073, 1079 (10th Cir.1985).

As mentioned, the district court determined that the class plaintiffs had not filed their discrimination charge with the EEOC within the limitations period and that the plaintiffs did not establish sufficient facts to toll the limitations period. Our review of the uncontested facts set out in detail in section III of this opinion lead us to conclude not only that summary judgment for Phillips was inappropriate on the tolling

issue but that plaintiffs' motion on that issue should have been granted. Thus, we affirm the denial of Phillips' motion for summary judgment, not on the class representative issue but on equitable tolling grounds.

## III.

An individual bringing an ADEA action must file a charge with the EEOC "within 180 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(1) (1982). The class plaintiffs filed a charge with the EEOC on March 2, 1983, 183 days after they were terminated on August 31, 1982. The district court determined that the accrual of the 180 days began on August 31 and thus ruled that the class plaintiffs' ADEA action was time barred. Plaintiffs claim that the limitations period began to run on September 9, 1982, because the transfer, reassignment, and layoff policy (the transfer policy) being attacked was a continuing violation that existed until September 9. Consequently, according to plaintiffs, the unlawful discriminatory practice under section 626(d)(1) occurred through September 9.

The Supreme Court has directed that the period for filing a discrimination charge begins on the date the employee is notified of an adverse employment decision, even if the employee is later terminated or subsequently receives severance benefits. *Delaware State College v. Ricks*, 449 U.S. 250, 256–59, 101 S.Ct. 498, 503–05, 66 L.Ed.2d 431 (1980) (limitations period started when professor was notified that he was denied tenure and not when he was actually terminated the following year); *accord Wilkerson v. Siegfried Insurance Agency, Inc.*, 621 F.2d 1042, 1043 (10th Cir.1980) (employee received notice of termination and was terminated on that same day; subsequent receipt of benefits did not affect the filing period from beginning to run on day of termination); *see Lawson v. Burlington Industries, Inc.*, 683 F.2d 862 (4th Cir.) (limitations period started when employee was terminated even though he alleged an expectation of being recalled or rehired),

*cert. denied,* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982).

 Generally, an employee is notified of an adverse employment decision when a particular event or decision is announced by the employer. On occasion, even after notification of an adverse employment decision, an employee may be affected by a continuing policy maintained by the employer that may discriminate against the employee throughout his relationship with the employer. A continuing discriminatory policy and practice may deter employees from filing a charge with the EEOC within the filing period because the employees may feel threatened by reprisals from the employer. Recognizing this fear, courts have allowed employees to file a charge with the EEOC as a result of a continuing violation, even though the employee may have been affected much earlier by an adverse employment decision and the limitations period from that date had already run. *See Williams v. Owens–Illinois, Inc.,* 665 F.2d 918, 924 (9th Cir.), *cert. denied,* 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *Higgins v. Oklahoma ex rel. Oklahoma Employment Security Commission,* 642 F.2d 1199, 1200 n. 2 (10th Cir. 1981); *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 348 (10th Cir.1975); *Bartmess v. Drewrys U.S.A., Inc.,* 444 F.2d 1186, 1188 (7th Cir.), *cert. denied,* 404 U.S. 939, 92 S.Ct. 274, 30 L.Ed.2d 252 (1971); *Elliott v. Sperry Rand Corp.,* 79 F.R.D. 580, 585–86 (D.Minn.1978); *see generally Furr v. A T & T Technologies, Inc.,* 824 F.2d 1537, 1543 (10th Cir.1987); *Stewart v. CPC International, Inc.,* 679 F.2d 117, 121 (7th Cir. 1982).

 Once an employee is terminated, however, he must file a charge with the EEOC within 180 days of his termination; otherwise, his ADEA action will be time barred. When an employee is terminated, the employment relationship ends; and the fear of reprisal and the reasons for allowing employees to claim a continuing discriminatory policy are removed. Moreover, if former employees were allowed to assert charges after 180 days had passed from the date of termination, the purpose of the statute of limitations would be undermined and employers could be exposed to unlimited suits.

In the present matter plaintiffs allege that throughout the closing period—when Phillips' employment transfer policy was in effect—Phillips failed to transfer and subsequently discharged employees because of their age. Plaintiffs thus allege a continuing discriminatory policy and practice, challenging the entire transfer policy and maintaining that Phillips' policy and practice throughout the closing period continually operated so as to discriminate on the basis of age. Plaintiffs further allege that they were deterred from filing a charge with the EEOC when their respective bids for a particular transfer were rejected because plaintiffs feared they might be denied a subsequent transfer later in the closing period. Plaintiffs also contend that the discriminatory transfer policy extended to September 9, 1982, and that they could not be expected to file a charge before that time because they still had a hope of receiving a transfer.

The district court concluded that the limitations period began to run on August 31, 1982. Apparently, then, the district court determined that Phillips maintained a continuous employment policy and practice ending on August 31, which effected the transfers made during the closing period and the subsequent layoffs. Based on the uncontroverted facts in the record, we believe that for purposes of the ADEA filing requirements, the alleged discriminatory acts—i.e., Phillips' transfer decisions during the closing period and the alleged wrongful termination as a result of the failure to be transferred—occurred under a continuing refinery- or company-wide policy in existence through August 31, 1982, the final date the remaining Kansas City employees could have been transferred. Where plaintiffs challenge not just one incident or isolated incidents of conduct violative of the ADEA, but an unlawful practice involving several incidents, a charge filed with the EEOC is timely when it is filed within 180 days of the termination of the

policy and practice adversely affecting the plaintiffs.

We cannot say, however, that the policy and practice adversely affecting plaintiffs extended beyond August 31, 1982, the day all remaining employees at the Kansas City refinery were terminated. On June 28, 1982, the plaintiffs were unequivocally informed through Stipulation III that the refinery would close on August 31, 1982, and that all employees who had not been transferred to another facility by that date would be terminated. Stipulation III provides:

> Whereas the Company and the Union have previously agreed on the effect of the closure and on certain provisions to insure the orderly effect of such closure (Stipulations I and II, dated March 23, 1982), and whereas it appears that all efforts to sell the refinery have been unsuccessful, effective dates for such closure are now established and certain improvements for employees are provided herein:
>
> I. All feedstock processing will be completed as of August 31, 1982. The facility will cease to operate on August 31, 1982, as a Phillips refinery and there will no longer be a need for Phillips refinery employees.
>
> II. Employees on the payroll who are not eligible to retire and employees on the payroll who are eligible to retire and do not elect to retire will be terminated as of August 31, 1982.

Record, vol. 2, doc. 114, exh. 1, at 1.

When the plaintiffs were discharged on August 31, 1982, without having been transferred, they were clearly on notice that there had been an adverse decision made against them. Moreover, once the plaintiffs were terminated, the alleged continuing discriminatory policy ceased to affect them. There is nothing in the record that indicates that the plaintiffs could have had any realistic expectation of a transfer after that date or that the policy was even maintained beyond August 31, 1982. Even if the discriminatory policy had been maintained, an employee's hope of being reinstated, once he has been discharged, does not extend the 180-day period. *Lawson*, 683 F.2d 862. We conclude, therefore, that the district court was correct in ruling that the 180-day period began to run on August 31, 1982.

## IV.

■ Plaintiffs claim that even if the 180-day limitations period began to run on August 31, 1982, a grant of summary judgment would be inappropriate because they are entitled to have the period equitably tolled. Plaintiffs proffer several justifications for tolling or estopping the 180-day limitations period. One of these justifications alleges that the EEOC misled plaintiffs into a late filing.

In *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260–61 (10th Cir.1976) (citations omitted), *aff'd per curiam by an equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977), we ruled that "the 180-day time limitation should be interpreted as being subject to possible tolling and estoppel." In *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836 (10th Cir.1979), we clarified that equitable tolling of the ADEA and Title VII[6] time limitations is appropriate only where the circumstances of the case "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Id.* at 838–39. "For instance, equitable tolling may be appropriate where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th

---

**6.** When interpreting the time limitations contained in the ADEA and Title VII, our cases have frequently interchanged ADEA and Title VII cases in explaining the time limitations of each. Not only are the time limitations under the ADEA and Title VII analogous, but the underlying legislation of each act is remedial in nature and causes us to deal primarily with claimants who lack legal training and guidance. *See*

*Dartt,* 539 F.2d at 1260; *see generally Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (interpretation of a Title VII provision follows interpretation of a similar ADEA provision). In this opinion we continue to use and apply the discussion and rationale used in both ADEA and Title VII cases to determine the application of equitable tolling in this case.

Cir.1984) (plaintiff entitled to equitably toll Title VII's 30–day limitations period for filing a suit because EEOC's "Notice of Right to File a Civil Action" misled plaintiff into a late filing) (quoting *Carlile v. South Routt School District RE 3–J,* 652 F.2d 981, 986 (10th Cir.1981) (plaintiff entitled to equitably toll Title VII's 90–day limitations period for filing a suit because district court order misled plaintiff into a late filing)); *see Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 858–59 (10th Cir.1983) (plaintiff allowed to toll Title VII's 180–day limitations period for filing charge with the EEOC because the letter from the court clerk misled plaintiff into filing late). "Likewise, if a plaintiff is 'actively misled,' or 'has in some extraordinary way been prevented from asserting his or her rights,' we will permit tolling of the limitations period." *Martinez,* 738 F.2d at 1110 (quoting *Wilkerson v. Siegfried Insurance Agency, Inc.,* 683 F.2d 344, 348 (10th Cir.1982)).

We are persuaded that there are sufficient uncontested facts in the record to establish as a matter of law that the EEOC, a federal agency, misled or at least lulled plaintiffs into inaction and that plaintiffs are entitled to equitably toll the 180–day limitations period. Furthermore, Phillips has not shown that any significant prejudice would result should plaintiffs be allowed to proceed with their claim. Phillips not only was fully apprised of the filing of plaintiffs' charges but also participated fully in the EEOC proceedings.

The record reveals that the EEOC was aware in February 1983 that the plaintiffs intended to file an age discrimination charge. On February 8, 1983, plaintiff Gray arranged a meeting with former Phillips employees who had not been selected for employment at another Phillips facility. Plaintiff Gray and the former employees present at this meeting signed a proposal indicating that Phillips had discriminated against them because of their age. Record, vol. 1, doc. 13, exh. C, at 4. The proposal was subsequently presented to the EEOC and thus advised the EEOC of plaintiffs' intent to file a charge.

On February 23, 1983, plaintiffs Gray, Walsh, and McNellis met with the director of the EEOC area office in Kansas City. At this meeting, which took place within the limitations period, the plaintiffs indicated their desire to file a charge of age discrimination against Phillips for all similarly situated employees. *Id.* at exh. C, at 4; exh. D, at 2. Moreover, the plaintiffs informed the EEOC director that approximately forty to fifty former employees intended to come to the EEOC office and file charges. Concerned that the EEOC office could not accommodate such a large group, the EEOC director requested that plaintiff Gray arrange a meeting with all the complainants at a larger facility and that the director would then assist those who wished to file a charge. *Id.* at exh. E, at 2; exh. F. The earliest date the EEOC director could meet with the plaintiffs was March 2, 1983, at which time the plaintiffs' discrimination charge was filed. *Id.* at exh. C, at 3. Although the plaintiffs had previously been informed about the 180–day limitations period, they were not advised that the March 2, 1983, date was beyond the limitations period. *Id.* at exh. C, at 5; exh. D, at 3.

Our review of the record reveals that the plaintiffs presented themselves to the EEOC and were ready to make a timely filing on February 23, 1983, and that the EEOC's conduct of scheduling a meeting for March 2, 1983, mistakenly led the plaintiffs to believe that their filing would be proper. No contrary evidence appears in the record. It appears that the district court accepted the uncontested facts we have recited here but concluded that even if true the facts were not sufficient to establish equitable tolling. The cases dictate otherwise. The conduct of the EEOC in the circumstances of this case amounts to active misleading by a federal agency as a matter of law. We therefore conclude that equitable considerations dictate that plaintiffs be allowed to proceed with their claim.

Because we have concluded that the uncontested facts in the record establish equitable tolling as a matter of law, we affirm the district court's denial of Phillips'

motion for summary judgment. It is therefore unnecessary for us to address whether plaintiffs Gray and Walsh are representative of the class plaintiffs. Accordingly, we reverse the district court's determination that equitable tolling is inapplicable to this case but affirm the district court's denial of Phillips' Motion for Summary Judgment on the basis of equitable tolling.

The judgment of the district court is affirmed as to the denial of Phillips' motion for summary judgment on the limitations issue; the judgment denying summary judgment for plaintiffs on the limitations issue on the basis of equitable tolling is reversed. The district court is instructed to continue proceedings consistent with this opinion.