931 F.2d 62
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Victor JAVED, Plaintiff-Appellant,
v.
ANHEUSER-BUSCH, INC., Defendant-Appellee,
F. Dale Lippert, Defendant.
 No. 90-1372.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Javed's employment was terminated. He sued his former employer claiming his termination was a result of racial discrimination. Mr. Javed requested relief including $10,000,000 in compensatory damages and $10,000,000 in punitive damages. The district court granted the employer's motion for summary judgment. We affirm.
 
 
 3
 Mr. Javed, who was born in Pakistan, is a naturalized citizen of the United States. Mr. Javed went to work for his employer in 1983 and was discharged in 1987.
 
 
 4
 The district court, in ruling upon Defendant's motion for summary judgment, found Mr. Javed had failed to offer evidence of discrimination sufficient to establish a prima facie case. Specifically the district court ruled Mr. Javed had failed to offer any evidence of intent or motive to discriminate by race or national origin.
 
 
 5
 We review a decision of the district court granting summary judgment de novo. We apply the same standard used by the district court. Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir.1988); Fed.R.Civ.P. 56(c).
 
 
 6
 Mr. Javed's ultimate burden of proof under either 42 U.S.C. Sec. 1981 or Title VII (both were alleged in his complaint) is to demonstrate his employer intentionally discriminated against him because of his race or national origin. Patterson v. McLean Credit Union, 491 U.S. 164, 187 (1989); McAlester v. United Air Lines, 851 F.2d 1249, 1260 (10th Cir.1988).
 
 
 7
 The evidence before the court showed Mr. Javed was hired in April 1983 as an Assistant Administrative Manager of Defendant Anheuser-Busch, Inc.'s Wholesale Operations Division. Mr. Javed received normal satisfactory performance evaluations until February 1985 when they began showing a deterioration. In March 1986 he received a performance evaluation showing substandard performance and was given ninety days to attain certain specified improvements and was placed on ninety days' probation. During this ninety-day period Mr. Javed filed a charge of employment discrimination with the EEOC. This was settled between the parties. As a part of this settlement Mr. Javed was placed on a second 90-days probation. Mr. Javed understood that if he did not satisfactorily complete this probation, he would be discharged. During this second probationary period Mr. Javed was counselled and his performance was evaluated at thirty-days intervals. During his first thirty-days review Mr. Javed was told he had completed some of his objectives, some needed more work and some were not being accomplished. Mr. Javed was told essentially the same at his sixty-days evaluation. Mr. Javed's deficiencies involved a failure to monitor and explain freight charge activities; continuing problems with certain reports; failure to adequately supervise and assist subordinates; a failure to reconcile bank disbursement vouchers; a failure to review credit material; and a failure to follow company policy concerning sales accounts. At his final review meeting in March 1987, Mr. Javed was advised of the specific failures, and Mr. Javed was terminated in April 1987. In short the evidence shows that Mr. Javed was terminated for his continuing failure to satisfactorily perform his job.
 
 
 8
 On appeal Mr. Javed points to affidavits before the district court showing that Mr. Javed had been called a "camel jockey" and a "bro." These affidavits fail to show when or where they were made and in one case who made the remarks, how often they occurred and whether management was present when the remarks were uttered. Construing this evidence most favorably to Mr. Javed, as we must, establishes that at least one co-worker made such remarks. Mr. Javed never complained of such remarks to management. There is no evidence in the record either showing or tending to show that management was ever aware of such remarks or condoned such remarks. It is interesting to note these affidavits were submitted after the entry of summary judgment.
 
 
 9
 It is established that a work environment dominated or permeated by racial slurs violates Title VII. It is likewise clear that casual comments, or accidental or sporadic conversations, will not alone trigger relief. Hicks v. Gates Rubber, 833 F.2d 1406, 1412 (10th Cir.1987). The remarks cited to us by Mr. Javed, while crude, rude, boorish, bigoted, and insensitive, do not as a matter of law establish a racially hostile work environment. "Title VII is violated only where the work environment is so 'heavily polluted with discrimination as to destroy the emotional and psychological stability of the minority [employee.' " Id. at 1413 (quoting Rogers v. Equal Employment Opportunity Comm'n, 454 F.2d 234, 238 (5th Cir.1971), cert. denied, 406 U.S. 957 (1972)).
 
 
 10
 Mr. Javed next contends evidence exists in the record showing satisfactory evaluations, at least by implication, of Mr. Javed during the years 1985-1986 under Employers Threshold to Greatness Program. These never mentioned Mr. Javed and do not involve the evaluation of any individual employee. This "evidence" fails to create an issue of fact.
 
 
 11
 We have reviewed the brief of Mr. Javed, the record on appeal and the judgment of the district court and find no error. The thorough and well drawn order of the district court granting summary judgment is AFFIRMED for substantially the same reasons as therein stated. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3