944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Neil G. DODSON, Plaintiff-Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, et al., Defendant-Appellee.
 No. 90-4057.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 10, 1991.
 
 1
 Before TACHA and SETH, Circuit Judges, and BRATTON, Senior District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 HOWARD C. BRATTON, Senior District Judge.
 
 
 4
 Plaintiff Neil Dodson sued defendant New York Life Insurance Co., Inc. (NYL) for wrongful discharge in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. (ADEA), Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and § 510 of the Employment Retirement Income Security Act, 29 U.S.C. § 1140 (ERISA). The complaint also stated six causes of action under state law. The district court granted summary judgment to NYL on all counts. Plaintiff appeals the dismissal of his ADEA, ERISA, negligent misrepresentation, fraud, promissory estoppel and breach of contract claims. We affirm.
 
 
 5
 Mr. Dodson was a Training Supervisor in NYL's Utah General Office. He had been with NYL for 26 years and was 57 years old when the company terminated his employment during a reduction-in-force (RIF).
 
 
 6
 We review the district court's grant of summary judgment de novo, applying the legal standard used by the district court under Fed.R.Civ.P. 56(c). Abercrombie v. City of Catoosa, Okl., 896 F.2d 1228, 1230 (10th Cir.1990). The court must grant summary judgment where "there is no genuine issue of material fact and ... the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Fed.R.Civ.P. 56(c). Although the court must view the evidence in the light most favorable to the non-moving party, Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir.1988), the court must grant summary judgment if the non-moving party does not set forth specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324; see also Sullivan v. Scoular Grain Co. of Utah, 930 F.2d 798, 800 (10th Cir.1991).
 
 
 7
 Although plaintiff established his prima facie case of age discrimination under the ADEA, the district court correctly granted summary judgment to NYL. Mr. Dodson failed to rebut NYL's evidence that the company made its decision to terminate for valid business reasons and not as a pretext for discrimination. See Merrick v. Northern Natural Gas Co., 911 F.2d 426, 429 (10th Cir.1990); Healy v. New York Life Ins. Co., 860 F.2d 1209 (3d Cir.1988), cert. denied, 490 U.S. 1098 (1989).
 
 
 8
 When an ADEA plaintiff establishes his prima facie case, the burden of production shifts to the defendant-employer to show legitimate, non-discriminatory reasons for the discharge. Merrick, 911 F.2d at 429. NYL met its burden by setting forth several reasons why Mr. Dodson was selected for termination: Mr. Ashby, a Training Manager who worked with Mr. Dodson was better qualified than Dodson to manage the office and had better performance ratings than Dodson; Mr. Dodson had poor relationships with Agents he was supposed to train and supervise, he was often unavailable to them, and he was not really a good trainer; and Mr. Dodson's performance ratings were inadequate in several areas. NYL also introduced evidence showing that Mr. Dodson was unwilling to improve in these areas, and he was above average only in areas not related to his ability to perform after the RIF.
 
 
 9
 When the defendant meets its burden to produce legitimate non-discriminatory reasons for the plaintiff's termination, the plaintiff bears the burden of persuasion that the proffered reason was a pretext for age discrimination. Merrick, 911 F.2d at 429. Although a plaintiff need not submit direct evidence of discrimination, he must present at least some specific evidence that casts doubt on the employer's reasons for the discharge. Id.
 
 
 10
 Mr. Dodson produced no evidence to refute NYL's explanations. He points to NYL's attempts to fill his position and to the fact he was replaced thirteen months later by a younger man. He also points to his adequate job performance and two certificates indicating his proficiency in the field of insurance.
 
 
 11
 These facts do not cast doubt on NYL's articulated reasons. First, NYL's managers' efforts to replace Mr. Dodson do not indicate they did not discharge Dodson because they believed he would not be able to perform adequately after the RIF. Second, NYL submitted ample undisputed evidence that Mr. Dodson's performance was not as good as he may have believed. Third, Mr. Dodson submitted no evidence that persons with lower ratings in similar situations were retained or any other like evidence which would allow a jury to find NYL's reasons pretextual.
 
 
 12
 The district court also correctly granted summary judgment to NYL on plaintiff's ERISA claim. Section 510 of ERISA prohibits employers from taking action against an employee who participates in a pension benefit plan for "the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan." 29 U.S.C. § 1140 (1982). To recover under § 510 the plaintiff must demonstrate that the defendant-employer had the specific intent to violate ERISA and that this illegitimate motive was one of the factors in the employer's decision to terminate the plaintiff. Gavalik v. Continental Can Co., 812 F.2d 834, 851 (3d Cir.), cert. denied sub nom. Continental Can Co. v. Gavalik, 484 U.S. 979 (1987). Although a plaintiff can use circumstantial evidence to prove his claim, the evidence must be specific and must allow the reasonable factfinder to find that one of the employer's motives was to violate ERISA. Id. at 852.
 
 
 13
 Mr. Dodson has submitted nothing more than speculative evidence to show that NYL intended to interfere with his pension rights. He contends that NYL needed to save 20% overall in costs, that NYL saved pension costs by terminating him, and that he was better qualified than younger persons NYL did not terminate. The fact is that Mr. Dodson is receiving a pension, although it may be lower than he might have received had he retired some time in the future. There is no specific evidence showing that NYL discharged Mr. Dodson with the intent to interfere with his pension rights under ERISA. See Clark v. Resistoflex Co., 854 F.2d 762, 771 (5th Cir.1988).
 
 
 14
 The district court was also correct to grant summary judgment to NYL on plaintiff's state law claims for negligent misrepresentation, fraud, and promissory estoppel. This court reviews interpretations of state law de novo. See Salve Regina College v. Russell, 111 S.Ct. 1217, 1221 (1991).
 
 
 15
 Plaintiff claims he was damaged by not opting for early retirement because (1) his supervisors had a duty to tell him his performance evaluations for the years 1981 through 1984 were inflated; (2) his supervisors inflated his 1985 performance evaluation; (3) his supervisor told him his poor evaluation from 1980 was purged and would not be used in the decision to terminate him; and (4) his supervisor told him he was rated in the middle of the 26 persons in his position in the region.
 
 
 16
 First, NYL had no duty to tell Mr. Dodson his evaluations were more favorable than they should have been. See Healy, 860 F.2d at 1216 ("from a legal perspective managers are not compelled to convey their dissatisfaction to employees").
 
 
 17
 Second, to prove negligent misrepresentation or fraud, Mr. Dodson would have to show he reasonably relied on the representations. Jardine v. Brunswick Corp., 18 Utah 2d 378, 381, 423 P.2d 659, 662 (negligent misrepresentation); Condor v. A.L. Williams & Assoc., 739 P.2d 634, 639 (Utah App.1987) (fraud).
 
 
 18
 No one ever assured Mr. Dodson his job was secure or promised him he would not be terminated in the RIF if he elected not to take early retirement. Indeed, the record shows that the supervisor told Mr. Dodson he could not give him "guidance" on what course of action to take. Mr. Dodson could not have reasonably relied on the statements about his performance because there is no evidence he was ever aware of the criteria NYL would use to terminate employees during the RIF. Mr. Dodson has failed to submit any evidence to rebut NYL's contention that his reliance was not reasonable.
 
 
 19
 Third, in Utah "[t]he doctrine of promissory estoppel has application when a promise is made which can reasonably be expected to induce action or forbearance and which in fact induces action or forbearance from which a detriment is suffered." Topik v. Thurber, 739 P.2d 1101, 1103 (Utah 1987). There is no evidence in the record that NYL promised Mr. Dodson he would not be terminated in the RIF.
 
 
 20
 The district court, relying on Caldwell v. Ford, Bacon & Davis Utah, Inc., 777 P.2d 483 (Utah 1989), properly granted summary judgment to NYL on plaintiff's breach of contract claim. In Caldwell, the Utah Supreme Court held that a company does not have to follow its procedures for terminating an employee for cause during a RIF even if it does not use arbitrary reasons for the employee's termination. Caldwell is indistinguishable from Mr. Dodson's case.
 
 
 21
 For the above reasons, we AFFIRM the district court's grant of summary judgment in favor of defendant, New York Life Insurance Co., Inc.
 
 
 
 *
 The Honorable Howard C. Bratton, Senior District Judge for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3