972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gloria MATHES, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary, Department of the Air Force,
Defendant-Appellee.
 No. 91-6297.
 United States Court of Appeals, Tenth Circuit.
 July 29, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's Order granting Defendant's motion for summary judgment as to her claim alleging nonpromotion due to sexual discrimination. We affirm.
 
 
 3
 Plaintiff, a female, civilian employee at Tinker Air Force Base, commenced an action in the district court, alleging sex discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17. Specifically, she contended that (1) she had been suspended as a result of sex discrimination and (2) she was denied promotion from deputy comptroller to the position of comptroller of the base in July, 1989, due to a policy of sex discrimination and her nonpromotion was a continuing violation of Title VII. Defendant filed a motion for summary judgment contending, inter alia, that Plaintiff failed to timely file her failure to promote claim. The district court granted summary judgment on the untimeliness of the nonpromotion claim, determining that Plaintiff failed to bring the claim to the attention of the Equal Employment Opportunity Counselor within thirty days of the date of nonpromotion. In addition, the district court rejected Plaintiff's allegation that the discriminatory conduct concerning nonpromotion was a continuing violation. The district court entered an Order of Certification Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure permitting this appeal.
 
 
 4
 Plaintiff appeals from the grant of summary judgment. Our review is de novo, and we apply the same legal standard used by the district court in reviewing the summary judgment motion. See Thomas v. Wichita Coca-Cola Bottling Co., --- F.2d ----, Nos. 91-1274, 91-1342, slip op. at 4 (10th Cir. July 1, 1992). We will affirm the district court if, viewing the facts in the light most favorable to Plaintiff, there is no genuine issue of material fact and Defendant should prevail as a matter of law. See Millensifer v. Retirement Plan for Salaried Employees of Cotter Corp., --- F.2d ----, No. 90-1304, slip. op. at 5 (10th Cir. June 26, 1992); see also Fed.R.Civ.P. 56(c).
 
 
 5
 Plaintiff argues that the district court erred in determining that her failure to promote claim was untimely. The parties agree that the comptroller position was last filled on July 9, 1989. Plaintiff first raised her failure to promote claim on January 24, 1990, when she filed her formal administrative complaint. Thus, Plaintiff did not bring her failure to promote claim to the attention of the Equal Employment Opportunity Counselor within thirty days of the last date the position was filled. See 29 C.F.R. § 1613.214(a)(1)(i); Johnson v. Orr, 747 F.2d 1352, 1357 (10th Cir.1984); see also Bayer v. United States Dep't of Treasury, 956 F.2d 330, 332 (D.C.Cir.1992) (timely filing of administrative complaint required before filing Title VII complaint).
 
 
 6
 Plaintiff argues that Defendant has a continuing policy of not promoting women to the position of comptroller, and, therefore, she could avoid the thirty-day time period and bring this claim as long as the violation continued. The district court rejected this argument. The court stated "Plaintiff has offered no evidence of any women other than herself who have been denied promotion to Comptroller, or of any women other than herself who are qualified to hold the position of Comptroller.... Plaintiff's evidence shows one failure to promote one employee to one position on one occasion." Appellant's App. at 77, 78. According to Plaintiff, the district court misapplied continuing violation law by requiring her to prove that other women have not been promoted in order to show a continuing violation. She further submits that the district court improperly intertwined a continuing violation with disparate impact issues.
 
 
 7
 Generally, an employee is notified of an adverse employment decision when a particular decision is announced. Gray v. Phillips Petroleum Co., 858 F.2d 610, 614 (10th Cir.1988). Even after the employment decision, however, the employee may be affected by a continuing policy maintained by the employer that may discriminate against the employee. Id. A discriminatory failure to promote may be a continuing violation under Title VII filing requirements if the plaintiff is alleging nonpromotion over a period of time. Higgins v. State of Okla. ex rel. Okla. Employment Sec. Comm'n, 642 F.2d 1199, 1200 n. 2 (10th Cir.1981); Rich v. Martin Marietta Corp., 522 F.2d 333, 348 n. 15 (10th Cir.1975). "[D]iscriminatory incidents which occur beyond the limitations period are actionable 'where a plaintiff ... challenges not just one incident of [unlawful] conduct ... but an unlawful practice that continues into the limitations period, [in such cases] the complaint is timely when it is filed within [thirty] days of the last asserted occurrence of that practice.' " Haithcock v. Frank, 958 F.2d 671, 677 (6th Cir.1992) (quoting Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81 (1982)). "Thus, where there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." Id. Such a continuing violation could toll the thirty-day time period for filing charges. Nealon v. Stone, 958 F.2d 584, 590 n. 4 (4th Cir.1992).
 
 
 8
 For a continuing violation, however, a plaintiff must allege more than a mere isolated incident of discrimination. Gray, 858 F.2d at 614; EEOC v. Penton Indus. Publishing Co., 851 F.2d 835, 838 (6th Cir.1988). Plaintiff alleges only an isolated incident of discrimination, which is insufficient to prove a continuing violation. As the district court found, she offered no evidence of women other than herself who allegedly were qualified to be comptroller, but who were denied promotion. Because Plaintiff failed to present allegations from which a continuing discriminatory policy can be inferred, she failed to prove a continuing violation.
 
 
 9
 Because she did not prove a continuing violation, Plaintiff did not file a timely discrimination claim. The district court did not err in granting summary judgment for Defendant. Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3