Lee B. **JOHNSON**, Plaintiff,

v.

Lynn **MARTIN**, et al., Defendants.

No. 92–C–394.

United States District Court,
D. Colorado.

Nov. 30, 1992.

Mack Edward Murray, Denver, CO, for plaintiff.

Kathleen Torres, Asst. U.S. Atty., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff, Lee B. Johnson, commenced this action against the defendants, Lynn Martin, Secretary of the United States Department of Labor, the United States Equal Employment Opportunity Commission (EEOC), and the United States, alleging that the defendants breached their duty of care to the plaintiff by failing to mail notice of his right to sue. Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. Plaintiff has responded by opposing the motion.

The issues have been fully briefed and oral argument would not materially assist decision. Jurisdiction is alleged to exist under 28 U.S.C. § 1331.

### A. *Factual Background.*

The following facts are undisputed: On August 8, 1989, the plaintiff filed a claim with the EEOC against BPS Guard Services, Inc. The EEOC denied the plaintiff's claim. On September 17, 1990, as required by 42 U.S.C. § 2000e–5(f)(1) and 28 C.F.R. § 14.9, the EEOC sent, via certified mail, a notice of right to sue (NRTS) together with a letter of decision (LOD) to the address on file for the plaintiff. Previous correspondence had been successfully sent to the plaintiff at that address. The LOD and the NRTS were not returned to the EEOC as undeliverable. In addition, on January 22, 1991, the plaintiff visited the Denver EEOC office and was handed a copy of the NRTS and LOD.

Plaintiff alleges that he was denied his right to sue his former employer because the EEOC failed to mail him the NRTS thereby allowing the statute of limitations to run on his claim. Plaintiff, however, has not alleged that he attempted to sue his former employer and that a court dismissed the action for failure to file within the limitations period.

### B. *Summary Judgment Motion.*

Summary judgment is proper if the pleadings, depositions and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary Judgment will be entered against a plaintiff who fails to make a showing sufficient to establish the existence of every essential element of his case. *Id.* The party opposing a properly supported summary judgment motion may not rest upon the mere allegations of the complaint, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986).

Defendants argue, *inter alia,* that: (1) the plaintiff has not identified any duty that has been breached; and (2) even if the EEOC has breached a duty, the plaintiff's late receipt of notice did not cause him injury.

██ Assuming for the purposes of this motion only that the defendants had a duty to mail the NRTS and LOD to the plaintiff, the defendants did not breach that duty. The undisputed evidence is that the EEOC processed the plaintiff's charge and mailed, via certified mail, the LOD and the NRTS to the address provided by the plaintiff, and that the LOD and the NRTS were not returned as undeliverable. Under these circumstances, the plaintiff has failed in his burden to demonstrate the existence of a genuine issue of material fact regarding the alleged negligence of the defendants.

██ Moreover, assuming that the EEOC had a duty to not only mail the LOD and

**1116**

the NRTS, but also to ensure that the plaintiff received those letters, the plaintiff did not suffer any injury. Had the plaintiff filed a Title VII action against his employer, he probably would not have been penalized for the EEOC's acts or omissions, including those affecting the issuance of the Notice of Right to Sue. *See Brezovski v. United States Postal Service*, 905 F.2d 334 (10th Cir.1990); *Gray v. Phillips Petroleum Co.*, 858 F.2d 610 (10th Cir.1988). As a result, the alleged injury suffered by the plaintiff is entirely speculative.

Accordingly, IT IS ORDERED that:
(1) Defendants' motion to dismiss or for summary judgment is granted; and
(2) Judgment shall enter in favor of the defendants and against the plaintiff.