73 F.3d 373
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jaysey J. CHOI, Plaintiff-Appellant,
v.
UNITED AIRLINES, INC., a corporation registered to do
business in Colorado, Defendant-Appellee.
 No. 95-1311.
 United States Court of Appeals, Tenth Circuit.
 Jan. 8, 1996.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Appellant's motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, Appellant must show both a financial inability to pay the required filing fees and the existence of a rational argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We conclude that Appellant has met these requirements, and we grant the motion for leave to proceed on appeal without prepayment of costs or fees.
 
 
 3
 Plaintiff Jaysey Choi appeals the dismissal of his Title VII discrimination claim. The district court dismissed Mr. Choi's claim because he failed to file with the Equal Employment Opportunity Commission within the applicable 300-day limitations period. We affirm.
 
 
 4
 Mr. Choi is a former employee of Defendant United Airlines. He claims United Airlines fired him because of his Korean national origin. In his complaint, Mr. Choi asserts that he was terminated on November 25, 1993. He then filed a charge of discrimination with the EEOC on October 6, 1994, 315 days after his termination. In response to a motion to dismiss for failing to file with the EEOC within 300 days, Mr. Choi next alleged that he did not receive official, written notice of his termination until December 10, 1993. Mr. Choi's filing with the EEOC was exactly 300 days after December 10, 1993.
 
 
 5
 On appeal, Mr. Choi alleges that the 300-day limitations period did not begin to run until he received official, written notice of his termination.[2] Generally, "the period for filing a discrimination charge begins on the date the employee is notified of an adverse employment decision, even if the employee is later terminated...." Gray v. Phillips Petroleum Co., 858 F.2d 610, 613 (10th Cir.1988) (citing Delaware State College v. Ricks, 449 U.S. 250, 256-59 (1980). Here, United Airlines verbally notified Mr. Choi on November 25, 1993, that he was fired. This event constituted an adverse employment decision and triggered the 300-day period. Thus, Mr. Choi filed his complaint with the EEOC fifteen days too late.
 
 
 6
 Mr. Choi also argues that the limitations period should be tolled because he did not know any time limitation existed and because union counsel never informed him of it. We will equitably toll Title VII time limitations where "the circumstances of the case 'rise to the level of active deception....' " Gray, 858 F.2d at 615 (citation omitted). Mr. Choi has not asserted any facts indicating that he was actively deceived.[3] Therefore, we decline to toll the limitations period in his case.
 
 
 7
 For the foregoing reasons, we AFFIRM. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Allegedly, Mr. Choi's union agreement requires United Airlines to provide its employees with written notice before any termination is considered final. Assuming this to be true, it does not change our analysis
 
 
 [3]
 Mr. Choi has asserted that he visited an EEOC office before his 300 days expired but that the office staff told him to return later because they were too busy at the time. This bare allegation does not rise to the level of active deception