**David HULSEY, and Gary Davis,
Plaintiffs–Appellants,**

v.

**KMART, INC., a Michigan corporation,
Defendant–Appellee.**

No. 93–5234.

United States Court of Appeals,
Tenth Circuit.

Dec. 27, 1994.

Robert L. Briggs, P.C., Tulsa, OK, for plaintiffs-appellants.

Kristen L. Brightmire (Kathy R. Neal and Diana H. Clark with her on the brief), of Doerner, Stuart, Saunders, Daniel, Anderson & Biolchini, Tulsa, OK, for defendant-appellee.

Before BALDOCK and BRORBY, Circuit Judges, and KANE,* District Judge.

BRORBY, Circuit Judge.

David Hulsey and Gary Davis appeal the magistrate judge's entry of summary judgment dismissing their suit for age discrimination on the ground it is time-barred. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

## BACKGROUND

Mr. Hulsey began his employment with Kmart in 1972. In 1985 he was promoted to the position of store manager at Kmart's Bartlesville, Oklahoma, store. He served in that capacity until February 9, 1990, at which time he was demoted to the position of local operations assistant manager and transferred to a Kmart store in Memphis, Tennessee. At the time of his demotion and transfer, Mr. Hulsey was forty-one years old.

Mr. Davis began his employment with Kmart in 1975. In 1983, he was promoted to the position of store manager at Kmart's Broken Arrow, Oklahoma, store. He served in that capacity until February 1, 1989, at which time he was demoted to the position of assistant store manager and transferred to a Kmart store in Carbondale, Illinois. At the time of his demotion, Mr. Davis was forty-two years old.

Mr. Hulsey and Mr. Davis (hereinafter "Employees") filed suit in Tulsa County Dis-

* The Honorable John L. Kane, United States District Judge for the District of Colorado, sitting by designation.

trict Court, Oklahoma, against Kmart on December 29, 1992, alleging age discrimination in violation of federal law, wrongful discharge, and intentional infliction of emotional distress. It is undisputed that prior to filing suit, employees had not filed charges of age discrimination with the Oklahoma Human Rights Commission or the Equal Employment Opportunity Commission ("EEOC"). Based on diversity jurisdiction, Kmart removed the action to federal district court. After an answer, a motion for summary judgment, and a response were filed, the parties consented to proceed before a magistrate judge.

The magistrate judge entered summary judgment in favor of Kmart as to all causes of action. The court concluded Employees' entire suit is time barred unless the doctrine of equitable tolling is applied.

## DISCUSSION

■ We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). Summary judgment is appropriate only when the moving party shows there is no "genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The nonmovant "may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Employees argue their cause of action did not accrue until the time they suspected their demotions and transfers were motivated by age discrimination. They assert they did not know this until they watched the television program, "A Current Affair," in December of 1992.

A cause of action accrues under the Age Discrimination in Employment Act ("ADEA") "on the date the employee is notified of an adverse employment decision." *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir.1988) (citing *Delaware State College v. Ricks*, 449 U.S. 250, 256–59, 101 S.Ct. 498, 503–04, 66 L.Ed.2d 431 (1980)). "Generally, an employee is notified of an adverse employment decision when a particular event or decision is announced by the employer." *Gray*, 858 F.2d at 614.

■ It is undisputed that the allegedly discriminatory actions by Kmart against Employees were the demotions and transfers. As such, Employees' cause of action accrued on the dates Kmart notified them of their new assignments, *i.e.*, February 9, 1990, and February 1, 1989.

■ In the alternative, Employees argue the statute of limitations under the ADEA should be equitably tolled in this case because they were constructively discharged. We are not persuaded.

■ It is well settled that "equitable tolling of the ADEA ... is appropriate only where the circumstances of the case 'rise to the level of active deception' ... 'where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts."'" *Gray*, 858 F.2d at 615 (quoting *Cottrell v. Newspaper Agency Corp.*, 590 F.2d 836, 838–89 (10th Cir.1979), and *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)). When such deception is alleged on the part of an employer, "[t]he limitations period will not be tolled unless an employee's failure to timely file results from either a 'deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Olson v. Mobil Oil Corp.*, 904 F.2d 198, 201 (4th Cir.1990) (quoting *Price v. Litton Business Sys., Inc.*, 694 F.2d 963, 965 (4th Cir.1982)).

■ We are not convinced that a constructive discharge, even if shown, is sufficient to invoke the doctrine of equitable tolling. The essence of a constructive discharge claim is the employee is subjected to such intolerable

working conditions that the employee has no choice but to quit. *Irving v. Dubuque Packing Co.*, 689 F.2d 170, 172 (10th Cir.1982). While Employees cite no authority in which a constructive discharge has been regarded as rising to the level of active concealment required to toll the statute of limitations, similar arguments have been considered and rejected by other courts.

For example, in *Olson*, the plaintiff learned over a year after his retirement that his position had not been abolished but rather, that a younger employee was performing his duties. The district court held plaintiff's cause of action accrued the day he was asked to leave his employment, refused to apply the doctrine of equitable tolling, and dismissed the complaint. In affirming, the Fourth Circuit held:

> It is not necessary to the filing of a charge that one possess a proven case.... [I]t is "not necessary for a claimant to know all of the evidence" upon which he will ultimately rely at trial in order to file a charge with the EEOC. We may presume that many facts will come to light after the date of an employee's termination, and indeed one purpose of a charge and a complaint is to initiate the process of uncovering them. *It is sufficient that Olson was on notice at the moment of his alleged constructive termination "to inquire whether there was [a] discriminatory motive for the discharge."*

*Olson,* 904 F.2d at 202–03 (citations omitted, emphasis added). In response to Olson's contention that the reorganization and explanation of his job elimination was part of the company's plan of active concealment, the Fourth Circuit concluded:

> Shorn of its pejorative rhetoric, this contention amounts to little more than a claim that the company's proffered reasons for its adverse employment action were pretextual. The fact that a company's explanation might be disputable for purposes of summary judgment on underlying discrimination claim is not dispositive of the limitations issue, however. *If equitable tolling applied every time an employer advanced a non-discriminatory reason for its employment decisions, it would be "tanta-*

*mount to asserting that an employer is equitably estopped whenever it does not disclose a violation of the statute." If this were the case, the [300]–day period for filing a charge would have little meaning.*

*Id.* 904 F.2d at 203 (citations omitted, emphasis added). *See also Heideman v. PFL, Inc.,* 904 F.2d 1262, 1266 (8th Cir.1990), *cert. denied,* 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991).

We agree with the reasoning of the Fourth Circuit and conclude that a constructive discharge, being the discriminatory act itself that gives rise to an age discrimination claim, should not be treated differently from any other adverse employment decision. Though the intolerable working conditions are, in a sense, a pretext for the employer's discriminatory motivation, this fact does not relieve the employee of his duty to determine whether there was, in fact, a discriminatory motivation for his constructive discharge. A declaration of discrimination need not be issued before the statute of limitations begins to run under the ADEA.

■ Second, even if a constructive discharge might justify tolling the statute of limitations, Employees have adduced no facts to show that they were in fact constructively discharged or that their delay in filing this suit was due to the active concealment of Kmart. *See Heideman,* 904 F.2d at 1266. Indeed, the only facts alleged in support of their constructive discharge claim are those of their demotion and transfer. They were aware of these facts, however, at the time they occurred.

Employees also seem to suggest that Kmart must prove employees knew they were the victims of age discrimination in order to prevail on summary judgment. Because this requires weighing the credibility of witnesses, the argument apparently goes, the magistrate judge erred in entering summary judgment without holding an evidentiary hearing on the knowledge issue.

While it is not clear to us precisely what Employees are getting at, we simply note that notice or knowledge of discriminatory motivation is not a prerequisite for a cause of action to accrue under the ADEA. On the

contrary, it is knowledge of the adverse employment decision itself that triggers the running of the statute of limitations. *Hamilton v. 1st Source Bank*, 928 F.2d 86, 88–89 (4th Cir.1990) ("To the extent that notice enters the analysis, it is notice of the employer's actions, not the notice of a discriminatory effect or motivation, that establishes the commencement of the pertinent filing period." (Emphasis omitted)); *Gray*, 858 F.2d at 613; *see also Olson*, 904 F.2d at 200; *Felty v. Graves–Humphreys Co.*, 785 F.2d 516, 519 (4th Cir.1986); *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir.), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983); *Wall v. National Broadcasting Co.*, 768 F.Supp. 470 (S.D.N.Y. 1991).

We find no disputed material facts concerning the equitable tolling doctrine and thus, hold Employees' suit is time-barred by the applicable statute of limitations. Judgment **AFFIRMED.**