46 F.3d 1151
 66 Empl. Prac. Dec. P 43,444
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul PURVEY, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH COMPANY, Defendant-Appellee.
 No. 94-6102.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 KELLY
 
 3
 Plaintiff Paul Purvey appeals from the district court's grant of summary judgment in favor of defendant American Telephone and Telegraph (AT & T) on claims of race and age discrimination. We affirm.
 
 
 4
 Plaintiff, an African-American, was first employed by defendant in 1970. In 1991, when plaintiff was in a management position, defendant decided to downsize the management staff in plaintiff's division by eleven positions. One management position in the Oklahoma City office, where plaintiff was employed, was scheduled for elimination.
 
 
 5
 Plaintiff and two white management employees were ranked according to their performance in the areas of leadership, communication, and technical skills. In an October 21, 1991, evaluation, plaintiff scored above average in leadership and technical skills, but below average in communications skills, the lowest score of the three employees. As a result, he was placed in the "at risk" category, meaning he had ninety days to find another position with defendant or be terminated. Plaintiff limited his opportunities to cities that already had surpluses, and failed to timely pursue job prospects in Denver and New Jersey. He was separated from employment in January 1992. He was almost forty-six years old. His job responsibilities were assumed by a forty-three year old white employee.
 
 
 6
 Plaintiff brought claims for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-634; for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e-2000e-17, and the Civil Rights Act of 1866, 42 U.S.C.1981; and for violation of the public policy of the State of Oklahoma. The district court granted defendant's motion for summary judgment.[2]
 
 
 7
 We review the grant of summary judgment de novo, applying the same legal standard as the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the evidence and inferences therefrom in the light most favorable to the nonmoving party. MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1117 (10th Cir.1991). We review questions of law de novo. Id. at 1118.
 
 
 8
 In an age discrimination case where no direct evidence of discrimination exists, the first step is to establish a prima facie case. Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 529 (10th Cir.1994). The district court concluded that plaintiff did not establish a prima facie case of age discrimination. One of the grounds for that decision was that plaintiff was not discharged; rather, his decision not to consider reassignment to another location led to his separation from employment.
 
 
 9
 Plaintiff's only challenge to this determination is to note that the position in New Jersey was speculative and of uncertain duration. This argument apparently goes to whether plaintiff was constructively discharged. See James v. Sears, Roebuck & Co., 21 F.3d 989, 993 (10th Cir.1994)(noting reassignment may, depending on facts, justify finding of constructive discharge). To establish a constructive discharge, plaintiff would have to show that his working conditions were so intolerable that a reasonable person would feel compelled to quit. Hulsey v. KMart, Inc., No. 93-5234, 1994 WL 715217, at * 2 (10th Cir. Dec. 27, 1994).
 
 
 10
 While plaintiff asserted the job had a duration of one week, the only evidence presented was that he had not received a guarantee as to how long it would last. However, he acknowledged he knew of no other employee who was given such a guarantee. He also testified that he did not pursue the job because it was in the international area and he was not interested in working in that area. We conclude plaintiff failed to raise a genuine dispute of material fact that the job involved such intolerable conditions as to constitute a constructive discharge.
 
 
 11
 As to the race discrimination claims, the district court concluded that plaintiff presented no evidence disputing defendant's assertion that his separation from employment was not racially motivated. This decision apparently was made after the district court concluded that plaintiff established a prima facie case of race discrimination and that defendant articulated a legitimate, nondiscriminatory reason for his separation. See EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir.1992). It is at this point that the plaintiff has the burden of showing that there exists a genuine issue for trial that his separation was, in fact, the result of intentional discrimination and that the employer's stated reason was a mere pretext. See Rule 56(e).
 
 
 12
 Defendant's asserted reason for placing plaintiff in the at risk category was that his October 21, 1991, ranking in the areas of leadership, communication, and technical skills was lower than that of his peers. Plaintiff contends a genuine issue of fact exists as to whether a November 25, 1991, appraisal of his service results, in which he was rated as far exceeding performance objectives in 1991, should have resulted in his retaining his job. He relies on the AT & T Plan for Assistance in Career Transition (PACT) which provides that employees who had been rated as exceeding or far exceeding objectives for 1991 would be retained, while employees who had fully met 1991 objectives but had below average leadership, technical, and/or communications skills would be at risk.
 
 
 13
 The undisputed evidence showed that defendant relied on evaluations of employees in the areas of performance, leadership, technical skills, and communications to determine who would be placed at risk. It was the October 21, 1991, evaluation of plaintiff in these areas that defendant relied on to determine whether he would be placed at risk.
 
 
 14
 Plaintiff also notes that of the eleven employees placed at risk, two were African-American and both were terminated. While four white at risk employees were transferred to other locations, it is undisputed that plaintiff refused to timely pursue opportunities in Denver and New Jersey. Thus, he failed to raise a question of fact as to whether he was treated differently than the white employees, let alone whether he was discriminated against on the basis of race.
 
 
 15
 As plaintiff raised no separate argument regarding his 1981 and state public policy claims, our conclusions concerning his other claims dispose of these claims as well. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court's rejection of plaintiff's claim for violation of the Employee Retirement Income Security Act (ERISA) is not challenged on appeal