**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DAVID R. WEBB, SR.,

      Plaintiff-Appellant,

v.

OWENS-CORNING FIBERGLASS
CORPORATION, a Delaware
corporation,

      Defendant-Appellee.

No. 97-3159
(D.C. No. 96-CV-2100 JWL)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff David R. Webb, Sr. appeals from an order of the district court granting defendant's motion for summary judgment on the ground that this action was untimely. We affirm.

Mr. Webb commenced this action pursuant to 42 U.S.C. § 1981[1], Title VII (§§ 2000e-2000e-17), and the Americans with Disabilities Act (§§ 12101-12213), alleging he was the victim of race and disability discrimination in his employment with defendant. Mr. Webb was hired in 1973. In 1979, he suffered a heart attack and was placed on permanent total disability retirement. Mr. Webb returned to work in 1993. He was informed that his plant seniority date would not be affected by the time he was on disability retirement. However, he would not accrue departmental seniority credit for the time he was on retirement status. Mr. Webb filed a grievance with the EEOC regarding that decision. The grievance was denied.

In 1995, Mr. Webb filed another EEOC charge alleging that he had been denied departmental seniority due to his race and disability because another employee had not had his departmental seniority changed after his absence. His charge was denied and Mr. Webb commenced this action in district court.

---

[1]     In district court, Mr. Webb asserted jurisdiction over his complaint pursuant to § 1981. However, he did not present any § 1981 claim and we deem any attempt to bring a § 1981 claim abandoned. Cf. Fed. R . Civ. P. 8(a)(2) (plaintiff must set forth short, plain statement of claims in his complaint).

Defendant moved for summary judgment on the ground that the complaint was untimely as Mr. Webb had not filed his EEOC complaint within 300 days of the alleged discriminatory act. Mr. Webb argued that his filing was timely because the triggering discriminatory act occurred in 1995, when he learned that the other employee had received departmental seniority.

> We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants. Summary judgment is appropriate only when the moving party shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. To avoid summary judgment, the nonmovant must make a showing sufficient to establish an inference of the existence of each element essential to the case. The nonmovant may not rest upon mere allegation or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (quotations and citations omitted).

Timely filing is a prerequisite to an employment discrimination civil suit. See Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1414 (10th Cir. 1993) (Title VII); § 12117(a) (incorporating by reference Title VII procedures into ADA actions). A charge of discrimination must be filed within 300 days after the alleged unlawful practice occurs.[2] See 42 U.S.C. §§ 2000e-5(e), 12117(a).

---

[2] The 300-day limitation applies in those states such as Kansas that have statutorily prohibited discrimination; otherwise the limit is 180 days. See Martin, 3 F.3d at 1414 n.4.

The 300 day filing period begins to run when the employee is notified of the adverse employment decision.  See Delaware State College v. Ricks, 449 U.S. 250, 258-59 (1980).  At the time of filing an EEOC charge, the claimant need not know all the evidence upon which he will rely at trial, rather the claimant need only be on notice that he should inquire as to whether a discriminatory motive for the employment action existed.  See Hulsey, 43 F.3d at 558; see also Ricks, 449 U.S. at 258 (unlawful employment action occurs on the date employee is given notice of the challenged action, not date the effects are felt).

Mr. Webb discovered that he would not retain his departmental seniority in 1993.  Indeed, he filed a grievance at that time.  The fact that another employee, who was not on permanent total disability retirement, later retained his original department seniority date does not affect the filing requirements.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge