**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 23 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DOROTHY MONICA DAVID,

     Plaintiff-Appellant,

v.

STANLEY BANISZEWSKI and
JOHN R. JOHNSON,

     Defendants-Appellees.

No. 97-1462
(D.C. No. 90-S-62)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, Denver Police Officer Dorothy Monica David, appeals an order of the district court granting defendants' motion for summary judgment. We affirm.

Officer David commenced this action pursuant to 42 U.S.C. § 1983 and Title VII claiming that, as a result of rejecting defendant Officer Baniszewski's sexual advances, he had her off-duty employment terminated. The district court granted summary judgment to defendants. On appeal, we affirmed the district court on all issues except her § 1983 claim. See David v. City & County of Denver, 101 F.3d 1344 (10th Cir. 1996). We held that the § 1983 color of state law requirement can apply to the conduct of off-duty police officers and directed the district court to determine whether Officer David could show that defendants had been acting in an official capacity or exercising official responsibilities when the alleged acts occurred. See id. at 1352, 1354. We also held that nonsupervisory co-employees could be held liable for sexual harassment under § 1983 if they had exercised state authority over the victim at the time of the alleged acts. See id. at 1354. On remand, the court held that Officer David had presented no evidence which would permit recovery under § 1983.

On appeal, Officer David argues that the district court erred in granting summary judgment on the issue of whether the defendants exercised supervisory authority over her and in granting defendants qualified immunity. "We review the entry of summary judgment de novo, drawing all reasonable inferences in

favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). Summary judgment may be granted only if the moving party can show no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Our review of the record supports the district court's determination that Officer David made no showing that defendants had exercised any authority over her. All parties are police officers with the Denver Police Department and hold the same rank. Further, the district court correctly read our prior cases as to the issues governing the grant of qualified immunity.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge