**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL R. SCHAEFER,

        Plaintiff-Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY, a Utah corporation,

        Defendant-Appellee.

No. 98-8066
(D.C. No. 97-CV-207-J)
(D. Wyo.)

---

**ORDER AND JUDGMENT**   *

---

Before **TACHA** , **BARRETT** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Michael R. Schaefer appeals from an order of the district court granting defendant's motion for summary judgment. We affirm.

Mr. Schaefer was employed by defendant for twenty-five years as a signalman. In 1995, he began experiencing shoulder pain. He was diagnosed with glenohumeral arthritis secondary to hypoplastic glenoids, a congenital abnormality which prevented him from continuing to work. He applied for and received a disability award from the Railroad Retirement Board.

Mr. Schaefer then filed this action pursuit to the Federal Employer's Liability Act, 45 U.S.C. §§ 51-60 (FELA), alleging negligence by defendant because it had provided unsafe working conditions. Mr. Schaefer alleged defendant should have provided proper, suitable, and sufficient tools, machinery and equipment, and adequate manpower. He also contended defendant had not provided proper supervision and instruction or reasonably safe procedures; had failed to warn him of potentially dangerous conditions; and was otherwise negligent, careless and inattentive to safety issues.

The district court granted defendant's motion for summary judgment holding that Mr. Schaefer had presented no evidence that defendant could have foreseen the harm that resulted to him. The court concluded that Mr. Schaefer had not met his obligation to set forth specific facts showing that defendant should have known that he was at risk for developing the injury he experienced.

On appeal, Mr. Schaefer argues that because he had foreseen the dangers of his job and had warned his supervisors about them, his injury was foreseeable. Mr. Schaefer also asserts defendant should be liable because FELA was enacted to liberally permit recovery for injured workers thus requiring that he present only slight evidence of potential harm, a standard he met.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. See id. The nonmovant must establish, at a minimum, an inference that each element essential to the case is present. See id.

FELA was enacted to supplant the common-law duty of the master to his servant with a duty imposing liability for any injury or death which occurs at work and which is due in any manner to the employer's negligence. See Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 607 (10th Cir. 1997); see also 45 U.S.C. § 51.[1] Therefore, in FELA cases, the issue before the court is "'narrowly

---

[1] Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, . . . or other

(continued...)

limited to the single inquiry [of] whether . . . the conclusion may be drawn that negligence of the employer played any part at all in the injury or death.'" Summers, 132 F.3d at 606 (quoting Rogers v. Missouri Pacific R.R., 352 U.S. 500, 506-08 (1957)). Thus, the FELA plaintiff must prove "the common law elements of negligence, including duty, breach, foreseeability, and causation." Williams v. National R.R. Passenger Corp., 161 F.3d 1059, 1062 (7th Cir. 1998); see also Gallick v. Baltimore & O. R.R., 372 U.S. 108, 117 (1963) (showing that injury was reasonably foreseeable is "essential ingredient" for establishing negligence under FELA). The "employer is not liable if it has no reasonable way of knowing that a potential hazard exists." Williams, 161 F.3d at 1062 (citing cases).

Mr. Schaefer contends he has met this requirement because he had informed his supervisors that his job had the potential for injury. However, he has not proved that defendant knew or should have known of "conditions which created a likelihood that petitioner, in performing the duties required of him, would suffer *just such an injury as he did*." Rogers, 352 U.S. at 503 (footnote omitted) (emphasis added); see also Ellis v. Union Pac. R.R., 329 U.S. 649, 653

---

[1](...continued)
    equipment.

45 U.S.C. § 51

(1947) (FELA liability will not be imposed based solely on fact that injury occurred as FELA "does not make the employee the insurer of" its employees' safety at work); Kuberski v. New York Cent. R.R., 359 F.2d 90, 93 (2d Cir. 1966) (fact that injury occurred cannot alone provide proof of negligence on part of defendant) .

Mr. Schaefer did notify his supervisor that he feared he could be injured because he did not have the proper equipment and he needed more people to assist him. He complained that the tools were unsafe and that the materials were too heavy to carry. These complaints relate to unsafe working conditions. He did not notify his employer that any of his duties were causing him pain in his shoulders. He has failed to show that defendant should have foreseen that he would have a disabling shoulder condition caused, in part, by his routine duties of heavy lifting and extreme stretching.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


James E. Barrett
Senior Circuit Judge