**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SANDRA L. GERHARDSTEIN,

Plaintiff-Appellant,

v.

AMEX ASSURANCE COMPANY,

Defendant-Appellee.

No. 99-1021
(D.C. No. 98-M-695)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sandra L. Gerhardstein appeals from an order of the district court granting defendant's motion for summary judgment in this diversity action. [1] We affirm.

Ms. Gerhardstein's husband, Anthony C. Gerhardstein, died due to acute epiglottitis. He was on a flight from Seattle to Denver when he began experiencing respiratory distress. Paramedics were present and in attendance when the plane landed in Denver, but Mr. Gerhardstein stopped breathing within five minutes of getting off the plane. He was taken to a local hospital where he died two days later following the withdrawal of life-support.

Mr. Gerhardstein had charged his plane ticket on his corporate American Express card and, as a result, defendant, AMEX Assurance Company, provided business travel accident insurance on his life. Ms. Gerhardstein brought this action alleging that the policy covered her husband's death.

The district court granted defendant's motion for summary judgment holding that the lack of in-flight emergency medical personnel able to attend to Mr. Gerhardstein was not an accident covered by the terms of the policy. " We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material

---

[1] The parties agree that the substantive law of Missouri governs this case.

fact and it is entitled to judgment as a matter of law. See id. The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See id.

The policy states that coverage is provided if a "Covered person sustains Bodily Injury as a result of an Accident which occurs while" a passenger in a common carrier on a covered trip. Appellant's App. at 40. The parties agree that Mr. Gerhardstein was a passenger, was on a common carrier, and was on a covered trip. The parties disagree as to whether he sustained a bodily injury which was the result of an accident. The policy defines bodily injury as an injury which

1.     is caused by an Accident, and

2.     occurs solely and independently of any other cause, except illness directly resulting from, or medical or surgical treatment rendered necessary by such injury, and

3.     occasions the death or dismemberment within 365 days from the date of the Accident.

Id. at 37.

An "accident" is "an unexpected event which causes Bodily Injury." Id.[2]

The policy excludes "[i]llness, sickness, disease, physical or mental infirmity, or

---

[2]     Ms. Gerhardstein urges that we adopt the definition of the word "accident" as set forth in various Missouri cases. However,     "if a term is defined in the policy, that definition is part of the contract and controls."     Ball v. Benefit Trust Life Ins. Co. , 704 S.W.2d 677, 680 (Mo. Ct. App. 1986)     . Here, the term is defined in the policy and that definition controls.

any medical or surgical treatment for such conditions, unless treatment of the condition is required as the direct result of a covered Bodily Injury . . . ." Id. at 41.

Ms. Gerhardstein admits that epiglottitis is an illness or disease and was a factor in her husband's death. Nevertheless, she maintains that her husband's death was an accident covered by the policy because he was unable to obtain immediate medical care.

We agree with the district court that the fact that medical personnel were not present to handle a medical emergency which may arise on a commercial airliner during flight does not satisfy the policy definition of "accident." We further note that everyone boarding a plane is aware that, should an emergency arise, prompt medical attention will more than likely be unavailable. While no one anticipates needing such attention, the fact that in-flight emergency medical care is unavailable is not unexpected or unforeseeable.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-