**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ANNA Z. BUTLER,

      Plaintiff-Appellant,

v.

WAL-MART STORES, INC., a
foreign corporation,

      Defendant-Appellee.

No. 99-6144
(D.C. No. 98-CV-1164)
(W.D. Okla.)

**ORDER AND JUDGMENT**   *

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

  *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Anna Z. Butler appeals from an order of the district court granting defendant's motion for summary judgment in this case brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. We affirm.

Ms. Butler was employed by defendant from 1993 until 1997 when she was terminated. In 1995, Ms. Butler suffered an on-the-job injury to her knee and back which required three surgeries. Although defendant has no permanent light duty positions, it provided Ms. Butler with temporary light duty positions after each surgery, as she was medically restricted from prolonged standing. In October 1997, Ms. Butler was assigned to the position of people greeter, a position requiring prolonged standing. Ms. Butler informed defendant that she needed a stool to sit on for relief from the constant standing. Defendant then requested a statement from Ms. Butler's physician detailing her current physical restrictions. Ms. Butler presented a two-year old note stating that her restrictions were permanent and that she needed to avoid prolonged standing. At that point, defendant realized that her permanent restrictions would prevent her from carrying out the essential job duties of all the permanent positions in the store and terminated her.

Ms. Butler commenced this action. The district court granted defendant's motion for summary judgment. The court concluded that Ms. Butler had presented no evidence that she was "in fact a disabled person within the meaning

-2-

of the ADA." Plaintiff's App. at 10. The court noted that, in her deposition, Ms. Butler had testified that she believed she had no condition that restricted her from performing any life activity and she could meet the physical requirements of the position of people greeter. The court declined to exercise jurisdiction over Ms. Butler's pendent state law claims and dismissed them without prejudice.

On appeal, Ms. Butler argues she is a qualified individual with a disability, that defendant perceived her as disabled, and that she should not have been required to produce a letter from her doctor detailing her restrictions. Ms. Butler concludes the court erred in granting defendant's motion for summary judgment.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. See id. The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See id. Although we must resolve doubts in favor of the non-moving party, "conclusory allegations standing alone will not defeat a properly supported motion for summary judgment." White v. York Int'l Corp., 45 F.3d 357, 363 (10th Cir. 1995). We may affirm the district court's judgment for any reason for which there is support in the record. See Perry v. Woodward, 188 F.3d 1220, 1232 (10th Cir. 1999).

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability" in stated employment actions, including employee discharge. See 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8). "Disability" means "a physical or mental impairment that substantially limits one or more of the major life activities of such individual [or] a record of such an impairment . . . ." Id. § 12102(2). The ADA also covers situations in which the employee may not actually be disabled, but is perceived to be disabled by the employer. See id. § 12102(2)(C); Sutton v. United Airlines, Inc. , 119 S. Ct. 2139, 2149-50 (1999).

> Accordingly, to qualify for relief under the ADA, a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

White, 45 F.3d at 360-61.

If the plaintiff can make a facial showing that accommodation is possible, the employer must then show that it is unable to provide accommodation. See id. at 361. If the employer makes that showing, the plaintiff must present evidence of her individual capabilities and provide suggestions for accommodations which

will rebut the employer's evidence.     See id.  The question of whether a person has a disability under the ADA is individualized.     See Sutton , 119 S. Ct. at 2142.

Although Ms. Butler concluded, after her termination, that she was not disabled, we look at her situation at the time of her firing.  At that time, whether or not Ms. Butler was actually disabled, her employer perceived her as being disabled. [1]  Further, at the time she was terminated, Ms. Butler also felt that she was disabled.

Ms. Butler alleged she was disabled because she could not perform the major life activity of working. [2]  She asserted that, with the accommodation of a stool to provide breaks from standing, she could work.  Ms. Butler asserted that her request for a stool was a reasonable accommodation and that defendant terminated her because it would not accommodate her.  Ms. Butler, thus, established a prima facie case of discrimination under the ADA.

Defendant, in response, stated that it could not provide Ms. Butler her requested accommodation.  Defendant set forth evidence that all positions in the

---

[1]     Defendant contends that we should not address Ms. Butler's argument that she had a record of impairment or was perceived to be impaired by her employer, as she did not make these arguments to the district court.  However, the analysis of whether a plaintiff has established a prima facie case remains the same whether the employee actually is disabled or is perceived as disabled.  Therefore, we proceed with our analysis.

[2]     We have held that "[w]orking is a major life activity" under the ADA. Siemon v. AT&T Corp.   , 117 F.3d 1173, 1176 (10th Cir. 1997) (quotation omitted).

store required prolonged standing and that it had no permanent light duty positions.

Ms. Butler attempted to refute that evidence with conclusory statements. She asserted, without support, that other stores did provide stools for people greeters to use. Conclusory statements are unavailing.

Therefore, we conclude that providing Ms. Butler her requested accommodation

> is not reasonable because it is tantamount to asking [defendant] to provide a permanent light duty post. No such permanent assignments exist . . . and the ADA does not require an employer to create a new position or even modify an essential function of an existing position in order to accommodate a disabled worker.

Martin v. Kansas, 190 F.3d 1120, 1133 (10th Cir. 1999); see also Milton v. Scrivner, Inc., 53 F.3d 1118, 1124 (10th Cir. 19 95) (ADA does not limit employer's ability to establish functions of job).

Ms. Butler contends she should not have been required to produce a current letter from her physician detailing her restrictions. Section 12112(d)(4) explicitly authorizes an employer to "make inquiries into the ability of an employee to perform job-related functions" including seeking medical information when that inquiry is "job-related and consistent with business necessity." Logically, an employer cannot attempt to make reasonable accommodation without current knowledge of the employee's medical restrictions.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge