**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN BASTIAN,

      Plaintiff-Appellant,

v.

UNITED STATES BUREAU OF
PRISONS; WILLIE MACK; RUFUS
WILLIAMS, Correction Officers,

      Defendants-Appellees.

No. 99-3216
(D.C. No. 95-3535-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **TACHA** , **PORFILIO** , and **EBEL** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff John Bastian appeals from an order of the district court granting defendants' motion for summary judgment in this case brought pursuant to the Federal Tort Claims Act and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm.

Plaintiff alleged that the individual defendants, employees of the United States Bureau of Prisons, denied him his Eighth Amendment right to be free from cruel and unusual punishment by assaulting, robbing, and attempting to murder him while he was handcuffed. He alleged that defendants further subjected him to cruel and unusual punishment by denying him food and water for six and a half hours and by refusing to permit him to see an "outside" doctor after the assault.

Defendants moved for summary judgment on all of plaintiff's claims. The district court granted the motion in part and denied it in part holding that defendants were not entitled to qualified immunity on plaintiff's claims of excessive force and denial of medical attention. Defendants filed another motion for summary judgment with extensive documentation. Plaintiff then had a total of twenty-three days to respond to defendants' motion. See D. Kan. R. 7.1(b) (providing that "[a] party shall have twenty days to respond to a motion to dismiss or for summary judgment"); Fed. R. Civ. P. 6(e) (allowing three additional days for mailing). Plaintiff filed a response almost a month late. The district court

struck the response as untimely pursuant to D. Kan. R. 7.4.[1]  The court granted

defendants' motion for summary judgment on the basis that plaintiff had failed to

overcome defendants' defense of qualified immunity.

On appeal, plaintiff argues that the district court erred in its ruling.

Plaintiff also contends that the district court violated his due process rights

because the magistrate judge had set his case for trial, but the district court judge

granted summary judgment instead of conducting a trial.

"The district court is entitled to considerable deference in its interpretation

and application of its own rules of practice and procedure."[2]  Mitchell v.

Maynard, 80 F.3d 1433, 1447  (10th Cir. 1996);  see also  Hernandez v. George,

793 F.2d 264, 266 (10th Cir. 1986) (reviewing district court's interpretation and

application of local rules for abuse of discretion) .

Plaintiff's only excuse for not filing a timely response was an allegation of

conspiracy between prison officials and defendants' counsel.  The only

documentation he submitted to support that allegation was an incident report

---

[1]     Rule 7.4 provides that if the respondent does not file a response to a
summary judgment motion within the time specified within Rule 7.1(b), the court
may consider the motion to be uncontested and grant the motion without further
notice.  The failure to file a response is a waiver of the right to later file a
response, except upon a showing of excusable neglect.

[2]     Although plaintiff is proceeding pro se, he    must comply with local court
rules.  See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

which resulted in disciplinary action against him. That incident occurred after the time by which plaintiff was to have filed his response. The court did not abuse its discretion in striking plaintiff's response.

In reviewing the entry of summary judgment on the merits, we examine the case "de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. See id. The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See id. Federal Rule of Civil Procedure 56(e) authorizes the entry of summary judgment "if appropriate," when the nonmoving party fails to respond to a properly supported summary judgment motion.

Due to plaintiff's failure to file a timely response, the district court deemed defendants' motion uncontested. The facts contained in defendants' motion established that no assault occurred nor did any denial of medical attention occur. Defendants' documentation is extensive. Summary judgment was properly granted. Even if we were to consider plaintiff's response to defendants' motion, his unsupported allegations are insufficient to create any genuine issue of material fact which would preclude the entry of summary judgment.

Plaintiff argues that the district court denied him due process by disposing of the case on summary judgment although the magistrate judge was preparing the case for trial. Once defendants moved for summary judgment, the district court properly ruled on that motion prior to conducting a trial. Once summary judgment had been granted, no trial was necessary.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. Defendants' motion for leave to file an appendix to their brief is DENIED as duplicative of the material contained in the record on appeal. Plaintiff's motion to file a supplemental brief is GRANTED.

Entered for the Court


John C. Porfilio
Circuit Judge