**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JUL 3 2002**

**PATRICK FISHER**
**Clerk**

ELLEN MCCOY,

        Plaintiff - Appellant,

v.

USF DUGAN, INC.,

        Defendant - Appellee.

No. 01-3189
(D.C. No. 99-CV-1504-JTM)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Plaintiff Ellen McCoy appeals from an order of the district court granting

defendant's motion for summary judgment in this action brought pursuant to the

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Ms. McCoy apparently alleged defendant had violated the ADA by demoting her and that she was constructively discharged. [1] We affirm.

Ms. McCoy began working for defendant as an accounts receivable clerk in January 1993. She was diagnosed with multiple sclerosis in March 1995. [2] The only accommodation Ms. McCoy requested as a result of her disease was a parking space closer to the building. That request was immediately granted.

The district court granted summary judgment to defendant. The court determined that Ms. McCoy had failed to establish she was a qualified individual with a disability and she had failed to show she suffered any adverse employment action. The court rejected defendant's additional contention that Ms. McCoy was not adequately performing her job due to conflicting evidence as to this fact.

On appeal, Ms. McCoy argues she established a prima facie case of both discrimination and of constructive discharge in violation of the ADA. She further contends she presented a genuine issue of material fact on the issue of pretext, thus entitling her to proceed to trial.

---

[1] Ms. McCoy did not include a copy of her complaint in the appendix she submitted to this court. We glean her allegations from her brief on appeal and the brief she submitted in response to defendant's motion for summary judgment.

[2] Multiple sclerosis does not automatically qualify as a disability under the ADA. See Sorensen v. Univ. of Utah Hosp., 194 F.3d 1084, 1086-88 (10th Cir. 1999).

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show "there is no genuine issue as to any material fact" and it "is entitled to judgment as a matter of law." Id. (quotation omitted). The nonmovant must establish, at a minimum, "an inference of the presence of each element essential to the case." Id. Although we must resolve doubts in favor of the non-moving party, "conclusory allegations standing alone will not defeat a properly supported motion for summary judgment." White v. York Int'l Corp., 45 F.3d 357, 363 (10th Cir. 1995).

"Merely having an impairment does not make one disabled for purposes of the ADA." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, ___, 122 S. Ct. 681, 690 (2002). To qualify for relief under the ADA, Ms. McCoy "must first establish that [s]he is a qualified individual with a disability." Steele v. Thiokol Corp., 241 F.3d 1248, 1253 (10th Cir. 2001). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such impairment; or (C) being regarded as having such an

-3-

impairment." 42 U.S.C. § 12102(2). In order for a physical or mental impairment to be "substantially limiting," the individual must be

> (i) Unable to perform a major life activity that the average person in the general population can perform; or

> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

To aid in this assessment, the evaluator must consider the type and severity of the impairment, the length of time the impairment has lasted or is expected to last, and the expected permanent and/or long term impact of the impairment, 29 C.F.R. § 1630.2(j)(2), as well as any mitigating or corrective measures. Pack v. Kmart Corp., 166 F.3d 1300, 1305-06 (10th Cir. 1999).

Ms. McCoy alleges that her multiple sclerosis substantially limited her major life activities of walking and lifting. She also argues that she was regarded as being so impaired. See Sorenson, 194 F.3d at 1088.

In support of her position that she was substantially limited in her ability to walk, Ms. McCoy testified at her deposition that she could no longer bowl, dance, play tennis, or ride a bicycle. Further, when she had a flare-up of her multiple sclerosis, her equilibrium was affected, she would have to hold on to the wall when walking, and she had fallen at various times.

Courts have held that moderate restrictions on the ability to walk do not amount to a substantial limitation. See Talk v. Delta Airlines, Inc., 165 F.3d 1021, 1025 (5th Cir. 1999) (limping, "mov[ing] at a significantly slower pace than the average person," and difficulty walking in extreme cold do not constitute a substantial impairment); Penny v. United Parcel Serv., 128 F.3d 408, 415 (6th Cir. 1997) ("moderate difficulty or pain experienced while walking does not rise to the level of a disability"); Kelly v. Drexel Univ., 94 F.3d 102, 106 (3d Cir. 1996) (inability to walk "more than a mile or so," to jog, and need to go slowly up stairs does not constitute substantial limitation in walking); see also 29 C.F.R. Pt. 1630, App. § 1630.2(j) (walking is substantially limited if individual "can only walk for very brief periods of time" (emphasis added)).

Ms. McCoy's limitation in walking is not substantially limited as required by the ADA. She is still "physically and psychologically capable of walking." Steele, 241 F.3d at 1254. Further, she testified at her deposition that her difficulties in walking have not affected her ability to work since leaving defendant's employment.

Ms. McCoy alleged she could not lift over twenty pounds. Lifting has been held to be a major life activity. See Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 21 (1st Cir. 2002). However, the "inability to lift heavy objects does not constitute a substantial limitation on a person's overall ability to lift [as the]

capacity to perform heavy lifting is not a trait shared by the majority of the

population." Id. at 22 (citations omitted). As the First Circuit noted:

> strength varies widely throughout the population, and if a restriction on heavy lifting were considered a substantial limitation on a major life activity, then the ranks of the disabled would swell to include infants, the elderly, the weak, and the out-of-shape. Congress obviously did not mean to extend the protections of the ADA to every physical impairment that precluded the performance of some particularly difficult manual task.

Id. at 22-23.

Ms. McCoy has not shown that she was substantially limited in the major

life activity of lifting. See e.g. , Thompson v. Holy Family Hosp., 121 F.3d 537,

539-40 (9th Cir. 1997) (twenty-five pound lifting restriction not substantially

limiting).

In the alternative, Ms. McCoy argues that defendant regarded her as

substantially limited in her ability to perform her job. Plaintiff points out that her

supervisor once referred to her as "lame" and asked others whether her

medication was "fogging" her focus, despite the fact that she was on no

medication. An individual is regarded as having an impairment that substantially

limits a major life activity if the individual is treated as if he or she had such an

impairment, whether he or she does or not. 29 C.F.R. § 1630.2(l). Ms. McCoy's

assertions " fall[] far short of raising a triable issue that [she] was regarded by

h[er] employer as being substantially limited in h[er] ability to" perform her job. Steele , 241 F.3d at 1256.

As Ms. McCoy has not made a prima facie case that she is disabled, we need not reach the question whether there was any discriminatory adverse action in the form of a constructive discharge. We also need not address whether she set forth sufficient facts to show defendant's actions were merely pretextual.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge