**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LISA MARTINEZ,

      Plaintiff-Appellant,

v.

PACIFICORP,

      Defendant-Appellee.

No. 99-4138
(D.C. No. 96-CV-597)
(D. Utah)

**ORDER AND JUDGMENT**  *

Before **KELLY** , **McKAY** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Lisa Martinez appeals from an order of the district court granting defendant's motion for summary judgment. We affirm.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ms. Martinez commenced this action pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. [1] She alleged that she was disabled due to chronic fatigue syndrome (CFS) and that defendant had failed to accommodate her disability by permitting her to work flexible hours. She also alleged that defendant had retaliated against her by terminating her employment when she complained about defendant's failure to accommodate her disability.

The district court granted summary judgment to defendant on both claims. The court determined that Ms. Martinez had failed to establish a prima facie case of ADA prohibited discrimination. [2] The court held that Ms. Martinez had met the first prong as she had established that she is a disabled individual, citing Kennedy v. Applause, Inc., 90 F.3d 1477, 1481 n.2 (9th Cir. 1996) (assuming without deciding that CFS is a disability). The court noted, as to the second prong, that a factual dispute existed as to whether punctuality was an essential function of her job. The court concluded that Ms. Martinez had not met the third prong as

---

[1]    Ms. Martinez dropped her claims of discrimination by association and violation of the Family Leave Act.

[2]    [T]o qualify for relief under the ADA, a plaintiff must establish (1) that he is a disabled person within the meaning of the ADA; (2) that he is qualified, that is, with or without reasonable accommodation (which he must describe), he is able to perform the essential functions of the job; and (3) that the employer terminated him because of his disability.

White v. York Int'l Corp., 45 F.3d 357, 360-61 (10th Cir. 1995).

she had failed to assert any connection between her disability and her tardiness, the ostensible reason for her termination. The court also held that Ms. Martinez had failed to present evidence of retaliation.

"We review the entry of summary judgment de novo, drawing all reasonable inferences in favor of the nonmovants." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994). The moving party must show there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. See id. The nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. See id.

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability" in stated employment actions, including employee discharge. See 42 U.S.C. § 12112(a). A "qualified individual with a disability" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8). A "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of such individual [or] a record of such an impairment . . . ." Id. § 12102(2).

Ms. Martinez alleged her CFS inhibited her ability to perform the major life activities of sleeping and getting up in the morning. [3] She asserted that, with the accommodation of flex time, she could perform the essential functions of her job as punctual arrival is not an essential function. Ms. Martinez states that if punctuality were to be determined to be an essential function of her job, defendant could accommodate her by having her "do less intellectually demanding tasks for the first hour or two of her shift." Br. at 20.

We question whether Ms. Martinez established the first prong of her ADA discrimination claim. Assuming without deciding that CFS is an impairment that substantially limits her major life activity of sleeping, Ms. Martinez next had to show that CFS significantly restricted "her ability to sleep as compared to the average person in the general population, taking into consideration the three factors [listed in 29 C.F.R. § 1630.2(j)(2)] and any mitigating or corrective measures." Pack, 166 F.3d at 1306. Our review of the record present to us does not show that Ms. Martinez made this showing. She stated that she has insomnia and resulting fatigue that made it difficult for her to "get going" in the morning. This assertion does not make the required showing.

---

[3] We have held that "sleeping is a major life activity" under the ADA. Pack v. Kmart Corp., 166 F.3d 1300, 1305 (10th Cir.), cert. denied, 120 S. Ct. 45 (1999). Getting up and moving in the morning is not.

Ms. Martinez claims she met the second prong as, *in her opinion*, punctuality is not an essential function of her job. She contends that being present at her job eight hours a day is essential, but the specific hours she should be present is not. Defendant stated that punctual arrival is an essential function of the job and that her collective bargaining agreement gives her hours as being 8:00 a.m. to 5:00 p.m.

Ms. Martinez' personal opinion cannot override her employer's stated requirements and the language contained in her collective bargaining agreement. See Martin v. Kansas, 190 F.3d 1120, 1130 (10th Cir. 1999) (noting that 42 U.S.C. § 12111(8) states that the employer's judgment as to which functions of the job are essential shall be given "consideration"). Ms. Martinez' requested accommodation of flexible hours and less intellectually demanding work during the early hours of the day does not meet defendant's requirement of punctual arrival.

Even if punctuality were not an essential function of her job, Ms. Martinez failed to establish the third prong of a prima facie case. Ms. Martinez asserts, and defendant admits that it was aware she had CFS. Ms. Martinez contends that because defendant was aware of her illness, it should have realized that her late arrivals were due to her disease. However, each time Ms. Martinez was tardy, she proffered an excuse unrelated to her disease such as claiming that the power was

out and that she had been caught in traffic. Ms. Martinez never stated that she was late because her disease resulted in altered sleep habits such that she was unable to arrive on time. Further, the record shows that Ms. Martinez had a history of tardiness dating from her first years on the job and that she was repeatedly counseled about it. She admitted to being late approximately twenty-five percent of the time, including when she was working flex time. Ms. Martinez failed to establish that she was terminated because of her disability.

Ms. Martinez argues the district court erred in granting defendant's motion for summary judgment as to her retaliation claim. To establish a prima facie case of retaliation, Ms. Martinez must show (1) she engaged in protected action, (2) defendant either after or contemporaneous with that action took adverse action against her and (3) a causal connection between her action and defendant's adverse action. See Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir. 1997).

Ms. Martinez contends that after she complained of not being granted flex time, she was subjected to increased supervision until her termination. While termination occurring in close proximity to protected activity can show retaliation, Ms. Martinez failed to establish that defendant's proffered reason for terminating her was pretextual. A plaintiff may show pretext by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that

-6-

a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Id. at 1323 (quotation omitted). Mere conjecture that the employer's explanation is pretextual is insufficient to defeat summary judgment. See id.

The record shows that Ms. Martinez received written reprimands regarding her attendance in 1991 and three times in 1992. Another warning in 1994 stated that two more failures to comply with strict attendance requirements would result in immediate termination. See Supplemental App. at 183. Ms. Martinez failed to show that any of defendant's actions were taken in retaliation for her complaints about unfair treatment. Her discharge "simply completed the disciplinary process already set in motion" before Ms. Martinez engaged in any protected action. Morgan , 108 F.3d at 1324.

The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge