**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**JAN 23 2003**

**PATRICK FISHER**
**Clerk**

PAULA A. SMITH,

       Plaintiff - Appellant,

v.

JOHNSON COUNTY BOARD OF
COUNTY COMMISSIONERS;
JOHNSON COUNTY
DEVELOPMENTAL SUPPORTS,

       Defendants - Appellees.

No. 01-3293
D.C. No. 00-CV-2286-KHV
(D. Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , **BALDOCK** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Paula A. Smith appeals the district court's summary judgment in favor of her former employer on her claims that her employer retaliated against her for exercising her rights under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634. Defendants do not appeal the order denying their counterclaim. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Background

We find it unnecessary to review here all the facts leading to this suit so we recite only those facts pertinent to our decision. While employed by Johnson County Developmental Supports, an agency of the Board of County Commissioners of Johnson County, Kansas, Ms. Smith filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and on April 2, 1998, she filed a federal lawsuit based on the charge, assigned case number 98-2152-KHV. During discovery, defendants learned that Ms. Smith had possession of work-related documents that may have been confidential. An investigation ensued and Ms. Smith was placed on administrative leave.

On March 11, 1999, she filed a charge with the EEOC alleging that her employer retaliated against her in violation of the ADEA and Title VII[1] by placing her on administrative leave. The EEOC investigated and pursued a settlement,

---

[1] This appeal does not involve the merits of Ms. Smith's Title VII claims.

which was initially successful. The parties reached a mediated settlement on June 8, 1999, which included Ms. Smith's resignation as of December 31, 1999, but Ms. Smith changed her mind about settling and sought to pursue the litigation in case number 98-2152-KHV. On January 20, 2000, she amended her retaliation charge to allege that her termination as of December 31, 1999, violated the ADEA ("amended charge"). Case number 98-2152-KHV was ultimately terminated on March 31, 2000. Ms. Smith filed this case on June 27, 2000. Additional facts will be provided as they become relevant to our analysis.

## Discussion

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). We look to the applicable substantive law when evaluating whether a fact is material. Revell v. Hoffman, 309 F.3d 1228, 1232 (10th Cir. 2002). "To determine whether a dispute is genuine, we must consider whether a 'reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986)).  Applying these standards, we determine that Ms. Smith cannot

establish a genuine issue for trial.

Statute of Limitations

"To bring a valid claim under the ADEA, a plaintiff must file a charge of

discrimination with the EEOC . . . ."  Bennett v. Quark, Inc. , 258 F.3d 1220, 1225

(10th Cir. 2001).  After the EEOC terminates its proceedings, a plaintiff has

ninety days from the date of receipt of the EEOC right-to-sue notice in which to

bring a civil suit.  29 U.S.C. § 626(e).  The filing deadline is subject to equitable

tolling.  Bennett , 258 F.3d at 1225.

Defendants contend that this suit is barred by the statute of limitations

because it was filed more than ninety days after the EEOC issued a letter dated

January 21, 2000, which they maintain was the right-to-sue notice on the amended

charge.  If so, the filing deadline was April 25.  Therefore, they claim, because

this suit was filed on June 27, 2000, it was too late.  Ms. Smith, on the other

hand, relies on a right-to-sue notice issued on March 30, 2000, which, if

applicable to the amended charge, makes the filing of this suit timely.

Ms. Smith filed her amended charge on January 20, 2000.  On January 21,

2000, the EEOC sent a letter to her stating:

> Under the ADEA, EEOC is only required to attempt settlement
> of the claim under the provisions set forth by Section 7 (d) of the
> ADEA.  *Such attempt to settle was offered by EEOC through its*
> *mediation program.  This letter is to notify you that EEOC has*

-4-

*decided not to pursue this matter further under ADEA.* Should you wish to file [a] lawsuit under ADEA you will have ninety (90) days from receipt of this notice to do so. **Please note that the ADEA does not require a Charging Party to receive a Notice of Right to Sue in order to file a lawsuit.**

Aplt. App. at 43 (italics added).

Ms. Smith relies on a letter from the EEOC dated March 30, 2000, as the right-to-sue notice on her amended charge. That letter was prompted by a request from her attorney dated March 29, 2000, stating:

> *Your letter dated January 25, 2000 addressed Ms. Smith's ADEA claim, stating that she had 90 days to sue on that claim.* You did not address her Title VII claim. Although the court has ruled that claim was settled, we intend to appeal that determination, and we request that you issue a right-to-sue letter on that claim also.

Aplee. Supp. App. at 140 (italics added).

The EEOC Area Director responded on March 30, 2000, as follows:

> This is written in response to your letter of March 29, 2000, wherein you requested a Notice of Rights . . . . After further deliberations regarding your request, I have determined that it is appropriate to honor same. I do so because of your attempt to amend said charge to include additional Title VII issues which were not subject to the mediation process or subsequent agreement.

Id. at 142.

We reject Ms. Smith's argument that the March 30 letter pertained to the ADEA amended charge. Both the EEOC's letter and the letter from her attorney requesting a right-to-sue determination referred only to the Title VII claim. She asserts that because the boilerplate on the EEOC notice referred to "Title VII, the

-5-

Americans with Disabilities Act, and/or the Age Discrimination in Employment Act," as well as the Equal Pay Act, Aplt. App. at 44, the notice applied to the amended charge, even though her claims invoked only Title VII and the ADEA. We conclude that no reasonable juror would find that Ms. Smith relied on the boilerplate language instead of the personalized information contained in the accompanying letter quoted above. See Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1322 (10th Cir. 1999) (affirming summary judgment because no reasonable juror could find facts as plaintiff alleged).

We conclude that the January 21 letter was the right-to-sue notice for the amended charge and that Ms. Smith had exhausted her administrative remedies as of that date. Administrative exhaustion in discrimination cases serves two purposes: "(1) to give notice of the alleged violation to the charged party; and (2) to give the EEOC an opportunity to conciliate the claim." Ingels v. Thiokol Corp., 42 F.3d 616, 625 (10th Cir. 1994) (addressing Title VII claim). When the EEOC processed the first retaliation claim, the purposes of administrative exhaustion were fulfilled. Requiring a renewed administrative proceeding on the amended charge "would not achieve any purpose and would simply prolong and perhaps bifurcate the judicial proceeding." Id.

Ms. Smith argues, as a matter of law, that the January 21 letter cannot serve as the right-to-sue letter for the amended charge filed on January 20, because

-6-

29 U.S.C. § 626(d) requires a claimant to wait to file suit until sixty days have elapsed after the charge was filed with the EEOC. Therefore, she claims, if she had filed suit as soon as the EEOC authorized her to (on January 21), the court would not have had jurisdiction because sixty days would not have elapsed after her charge was filed on January 20.

We need not, and do not, determine whether a claimant may file suit sooner than sixty days after the discrimination charge was filed with the EEOC. We conclude that the amended charge was properly before the district court under these circumstances where (1) the EEOC discharged fully its functions of notice and conciliation on the initial retaliation charge, (2) the charge at issue was an amendment to the initial retaliation charge, and (3) the lawsuit actually was filed more than sixty days after the amended charge was filed. Consequently, Ms. Smith's lawsuit filed June 27, 2000 was untimely and dismissal was correct unless she is entitled to equitable tolling.

<u>Equitable Tolling</u>

Ms. Smith alleges that she is entitled to equitable tolling of the filing date because defendants encouraged her to delay filing suit until settlement negotiations were completed. In April and May of 2000, the parties engaged in settlement negotiations. On April 19, 2000, defendants' attorney wrote to Ms. Smith's counsel that defendants "will not raise the statute of limitations as it

relates to the 90 day period within which to file suit so long as the suit is filed no later than May 1, 2000. That will give us time to work on a settlement." Aplt. App. at 60. The next day, defense counsel wrote that his clients would meet the following Monday to discuss a settlement offer. Id. at 61. An offer was made on April 25 and withdrawn on June 13, 2000. Id. at 62-63. Ms. Smith maintains that she was entitled to equitable tolling of the filing deadline until June 13 based on defendants' representations. She does not appeal the adverse ruling on her claim that the EEOC lulled her into inaction.

The deadline for filing a discrimination charge may be equitably tolled, under appropriate circumstances. Bennett, 258 F.3d at 1225. Equitable tolling applies "when a plaintiff's unawareness of [her] ability to bring a claim–either unawareness of the facts necessary to support a discrimination charge or unawareness of [her] legal rights–is due to defendant's misconduct." Bennett v. Coors Brewing Co., 189 F.3d 1221, 1235 (10th Cir. 1999) (quotation omitted). If the employee alleges her former employer caused her to delay filing, "[t]he limitations period will not be tolled unless an employee's failure to timely file results from either a deliberate design by the employer or actions that the employer should unmistakably have understood would cause the employee to delay filing [her] charge." Hulsey v. Kmart, Inc., 43 F.3d 555, 557 (10th Cir. 1994) (quotations omitted). "The decision whether to equitably toll the

limitations period rests within the sound discretion of the district court." Bennett , 258 F.3d at 1226.

Here, it is undisputed that defendants induced Ms. Smith to forbear filing suit until May 1, 2000, to permit them to submit a settlement offer. In fact, a settlement offer was made prior to May 1, on April 25. Nothing in the record supports Ms. Smith's position that defendants' actions were designed to lull her into believing she could delay filing her suit later than May 1 or until settlement negotiations were completed, particularly since there was no date upon which the negotiations would necessarily conclude. We agree with the district court that Ms. Smith's claims were not tolled forever. Accordingly, the district court did not abuse its discretion in denying plaintiff's claim of equitable tolling.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-9-